JOHN CARNE, JR. *et al.*

*v.*

ELLENOR M. TRUMAN.

*Filed at Ottawa June 21, 1882.*

1. PRACTICE IN CHANCERY—*findings must support decree where the evidence is not preserved.* Where the evidence in a chancery suit is not preserved in the record, no presumptions can be indulged in this court as to what the court below found, but the findings must speak for themselves, and if they are not sufficient to sustain the decree, it will be erroneous, and must be reversed.

2. If there is in such a case a finding of facts sufficient to support the decree, this court will presume the evidence warranted the finding, when it is not preserved in the record.

3. Where copies of affidavits filed in the county clerk's office of the purchase of a lot for taxes, and of the service of notice of the time when the redemption will expire, are preserved in the record as exhibits, in a bill to

set the tax deed aside as a cloud upon the former owner's title, a finding in the decree of the court that said affidavits are null and void, and not in compliance with the statute, will not preclude this court from examining the exhibits to see if they are void, and not in compliance with the statute.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. JOHN P. WILSON, for the appellants.

Messrs. RICABY & LANDIS, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a decree of the Superior Court of Cook county, setting aside and directing to be delivered up for cancellation three several tax deeds held by appellants, as a cloud upon appellee's title to two lots situate in the city of Chicago, which she claims as owner in fee. The first two bear date September 9, 1879, and it is conceded the decree of the Superior Court as to them is proper, and hence there is nothing further to be observed as to them. The third deed is founded upon a tax sale of the 9th of October, 1878, for the taxes of 1876 and 1877, and bears date October 7, 1881. With reference to the tax proceedings upon which this deed rests, it is charged in the bill that "the provisions of law in regard to the assessment and sale upon which said tax certificates purport to have been based, have not been complied with; that although the time has elapsed during which said Coombs or his assigns was obliged to give complainant or her grantor notice of such sale, and of the time when redemption should expire, yet such notice has not been given by Coombs or his assigns, or anybody for him." This charge occurs in the original bill, which was filed more than two years after the sale, and before the execution of the last deed. After its execution a supplemental bill was filed by appellee, in which the additional charge is made "that said

last mentioned tax deed was obtained by said Coombs for the benefit of said Carne, and as the agent of said Carne, and that said last mentioned affidavits deposited with the county clerk of said Cook county, (a certified copy of said affidavits, marked exhibit 'A,' is hereto attached and made a part of this bill,) and which said affidavits are informal, uncertain, and are not in compliance with law; that complainant was not notified of said tax sale as required by law." These are all the averments contained in the bill, or supplemental bill, which in any view can be claimed to warrant the special finding upon which the decree is based.

The case was heard "upon the bill, supplemental bill, answers, replications and proofs taken in open court." The decree finds, "that the said three tax deeds, and each and every of them, based upon affidavits in said county clerk's office, which affidavits are null and void, and are not in compliance with the statute in such case made and provided," and the said deeds are set aside, declared "null and void," so far as they relate to the premises in question. The evidence upon which the decree is based has not been preserved, by a certificate of evidence or otherwise. In determining, therefore, whether it can be sustained, we must look alone to the averments in the bill, and the findings of the decree.

It will be perceived, from an examination of the decree, and from what we have already said, there is no direct finding with respect to the deed in question, or any other document, paper, or instrument, or step taken in the tax proceeding, except as to the affidavits relating to notice. It follows, therefore, if this decree can be sustained at all, it is on the ground the affidavits in question are not in conformity with the statute. Whether they are or not presents a pure question of law, for they are set forth in the record *in hæc verba,* as an exhibit of the supplemental bill. The decree does not specify in what respect they are insufficient, and if they are not in conformity with the statute, the imperfection, whatever it

may be, has escaped our attention, and counsel for appellee have failed to point it out in their brief.

It is suggested that as the record shows proofs were taken in open court, and the evidence is not preserved in the record, this court must presume the evidence heard "rendered these affidavits nugatory." But this is a misapprehension. As the evidence is not preserved, we can indulge in no presumptions as to what the court found. The findings of the court must speak for themselves, and if they are not sufficient to sustain the decree, it will be erroneous, and should be reversed. If, however, there is, in such case, a finding of facts sufficient to support the decree, then this court will presume the evidence warranted the finding. Had the bill in this case, instead of alleging the affidavits void, as was done, charged the facts set forth in them were untrue, as is claimed, and the court had so found, we would presume the evidence warranted the finding, and should affirm the decree. But such is not the case. The decree and the pleadings on behalf of appellee are very loosely drawn, and if what is claimed by her counsel is true, the result of the case in this court would have been otherwise had her learned counsel been more careful in their preparation.

The decree of the circuit court as to the deed of October 7, 1881, will be reversed, and the cause remanded for further proceedings, with leave to the parties to amend their pleadings, and take further testimony, if they shall be so advised.

*Decree reversed.*