## JOHN F. LAVERY
### V.
## JENNIE L. BROOKE.

*Mechanics' Liens—Claim for—Payment—Failure to Release—Contracts.*

1.   It is incompetent to prove the legal title to land by the parol evidence of a witness.

2.   A payment to and a release by an attorney, of a claim for a mechanic's lien, will not render the claimant liable to the statutory penalty for not releasing such claim, when the acts of his attorney were unknown to him.

3.   No penalty can be incurred by any neglect to release the claim of a subcontractor.

4.   In an action brought to enforce the obligation incurred by a contract, the recitals in it are evidence of the truth of the matters recited; but where collaterally used, merely as admissions, they are evidence only of such matters as admissions are competent to prove, and the fact that they are in writing adds nothing to their legal effect, when the subject-matter of the admission is a legal conclusion.

[Opinion filed June 30, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. CRATTY BROS. & ASHCRAFT, for appellant.

Mr. ORSON BROOKE, for appellee.

GARY, P. J.  This is an action in which the appellee has recovered two penalties of $25 each, against the appellant, for not releasing, within ten days after payment, claims for liens. The suit is based upon Sec. 54 of the statute in relation to liens, as follows:

" Whenever a lien has been claimed by filing the same with the clerk of the Circuit Court, and is afterward paid, the person filing the same shall acknowledge satisfaction thereof in the proper book in such office, in writing, and on neglect to do so for ten days after the claim has been paid, he shall forfeit to the owner the sum of $25."

The only evidence that the appellee owned the premises against which the claim was filed, was the recital in it that the work and material which were the subject of it, were furnished by the appellant "to S. S. Phillips, the contractor for the building, which contract was made between said Phillips and Jennie L. Brooke, owner of said lot, and Lincoln Brooke, her husband ;" and the statement by Lincoln Brooke, as a witness, that " the plaintiff, Jennie Brooke, owned the property."

In an action brought to enforce the obligation incurred by a contract, the recitals in it are evidence, and, if under seal, usually conclusive evidence of the truth of the matter recited; but where collaterally used, merely as admissions, they are evidence only of such matters as admissions are competent to prove, and the fact that they are in writing adds nothing to their legal effect, when the subject-matter of the admission is a legal conclusion.  Everything said on the subject by the Supreme Court in Mason v. Park, 3 Scam. 532, applies with equal force to this case.  In the case of Welland Canal Co. v. Hathaway, 8 Wend. 480, cited as authority in Mason v. Park, the company sued to recover money overpaid to the defendant by them, and his receipt to them by their corporate name

Lavery v. Brooke.

(as the jury specially found) was held to be but of the effect of parol evidence that they were incorporated, and therefore incompetent.

The principle laid down in both cases is that the admission of a party is competent evidence only where parol evidence would be admissible to establish the same fact. Fifty years have nearly passed since the decision in Mason v. Park, and on the 31st of March last, in Kirkpatrick v. Clarke, 132 Ill. 342, the Supreme Court reiterated that it is incompetent to prove the legal title to land by the parol evidence of a witness.

There was, therefore, no competent evidence, either by the recital or testimony of Lincoln Brooke, that the appellee was the owner of the premises, and for that reason we all agree that the judgment is to be reversed. For my own part I go further. The evidence shows a payment to, and a release by the attorneys of the appellant, and there is no evidence that he had any personal connection with, or knowledge of either transaction. If there were any neglect on their part, he would not incur the penalty thereby. Matson v. Tyron, 108 Pa. St. 270.

Perhaps on another trial this objection may be removed. I also hold that no penalty could be incurred by any neglect to release this claim ; that Sec. 54 of the Lien Act has no reference to sub-contractors, as was decided by this court in Maxwell v. Koeritz, 35 Ill. App. 300, and therefore the claim filed by the appellant was so filed without any statutory authority for so doing ; that the section inflicting the penalty embraces only such claims as the statute authorizes to be filed. The other members of this court think it unnecessary to express any opinion upon the last two points.

*Reversed and remanded.*