Trenchard v. Warner.

## WILLIAM TRENCHARD, Appellant, v. SAMUEL WARNER, Appellee.

### APPEAL FROM MORGAN.

Where a lien, to secure the payment of money, has been given upon one parcel of property, and also a lien upon another parcel in case the first should be insufficient, the second lien is a contingent one, and the insufficiency of the first parcel must be shown before the lien upon the second becomes specific and absolute.

Where an averment in a bill of chancery is neither admitted nor denied, it must be proved by at least one witness.

Where the court below decides a case upon facts known to it, the record must set forth sufficient of those facts to sustain the decree.

THIS was a bill in chancery filed by Warner against Trenchard, alleging that in January, A. D. 1854, he rented to Trenchard a certain portion of his farm and that Trenchard entered into articles of agreement with him (Warner), by which Warner agreed "to furnish the house where Trenchard then lived, and the lots and stables and firewood for his use, and fifty acres of land to be tended in corn, land to be well broke, in good time, and planted in due season and tended well," for which Warner agreed to pay eight cents per bushel in the shock to be measured when well dried. Warner agreed to pay Trenchard three hundred and seventy dollars on said corn; if said corn does not pay this amount, then Trenchard's wheat crop was bound for the money, to be allowed the market price for the wheat. Trenchard to pay Warner ten per cent. on the money until it was paid. Warner alleging that he has already paid to Trenchard the said three hundred and seventy dollars in February, 1855.

Warner further alleges that the corn crop raised by Trenchard, on the fifty acres, will not be sufficient to pay the said sum of $370, and the interest upon it, according to the terms of the agreement. That Warner rented to Trenchard another fifty acres to be in wheat upon shares. Warner to have one-third, and Trenchard two-thirds of the crop, with an agreement that Warner should have a lien upon Trenchard's share of the wheat to pay Warner for any deficiency there might be in the corn in paying Warner at eight cents per bushel, the said $370, and interest. That there was a further agreement between them that for any wheat which might remain after paying the $370, and *interest* to Warner, he was to take and pay the market price therefor. The bill further alleges that Trenchard has already sold a portion of the wheat, and will sell all unless restrained. That Trenchard is insolvent, and that Warner will lose his money advanced and the interest thereon. The bill prayed for an injunction, which was granted.

Trenchard, in his answer, alleges that three hundred and sixty dollars of the money paid to him by Warner was counterfeit. Admits that he cultivated thirty (not fifty) acres of wheat on the shares, stated in the bill, but denies that Warner was to have any lien upon Trenchard's share, or any right to purchase at the market price. The answer was sworn to. There was a general replication.

At November term, 1855, of the Morgan Circuit Court, WOODSON, Judge, presiding, a decree was entered making the the injunction perpetual. The decree recites, that the cause coming on to be heard on bill, answer and replication, and the notes of the testimony taken by the same Judge in a case of the people against the complainant for passing bank notes alleged to be counterfeit, during the present term of the said court, irrespective of the evidence of the respondent, as set forth in said notes (and it being agreed that said evidence of said respondent in said notes, was not to be regarded by the court, waiving all questions of the insolvency of Trenchard, etc., this injunction was made perpetual).

By consent of counsel the decree directed, that Warner was to have full satisfaction of the contract set up in his bill, out of the corn and wheat crops of the respondent (Trenchard), and the case to be appealed, accompanied with the original notes of evidence taken as aforesaid, as a part of the record, etc.

EPLER and SMITH, for Appellant.

YATES and McCLURE, for Appellee.

CATON, J. Admitting that this bill shows such a case as would authorize a court of equity to interpose its restraining powers, and prevent a sale of so much of the wheat as would be necessary to secure the complainant for the money advanced under the agreement, and admitting further that the proof shows that Warner did advance to Trenchard three hundred and seventy dollars in good money as alleged in the bill, still the record fails to make out such a case as would justify this decree.

The agreement presupposes that the corn at eight cents per bushel will probably pay the sum of three hundred and seventy dollars and interest, and the lien upon the wheat is created only upon the contingency that there should not be sufficient corn to pay it, and then for the balance only. Under the contract the corn must first be exhausted before Warner can have a right to go upon the wheat for the balance. The lien created upon the wheat is, therefore, contingent. Before this contingency can happen, so as to make the lien upon the wheat

specific and absolute, an insufficiency of corn must be shown. The bill alleges a deficiency of corn of one-third. The defendant's answer, neither admits nor denies this portion of the bill. When an averment in a bill in chancery is not admitted, although it be not denied, it must be proved by the complainant, by at least one witness. *De Wolf* v. *Long,* 2 Gil. R. 679. A deficiency of corn being affirmative matter for the complainant to make out, before he can assert a specific lien upon the wheat, and there being no proof in the record whatever on the subject, and it not being admitted by the answer, the record fails to make out a case entitling the complainant to an injunction restraining Trenchard from selling his wheat.

But I am by no means satisfied that this record contains sufficient proof of the payment of the money as alleged in the bill. This is positively denied by the answer which is sworn to. All the evidence in the case is the notes of the testimony taken by the judge on the trial of an indictment against Warner, for passing counterfeit money to Trenchard, which, by the agreement of parties, were used as evidence in this suit, except the testimony of Trenchard, the prosecutor. These notes are so imperfect, especially in showing the chronological order of events spoken of by the witnesses, that I confess my utter inability to get any clear idea of the transaction from them, except, that sometime in February, Warner paid to Trenchard three hundred and seventy dollars in what purported to be bank bills, three hundred and sixty of which, Trenchard, in the presence of Warner, paid to Henrichsen for cattle, all of which the latter swears were counterfeit. There is evidence tending to show that the bills which Henrichsen returned and which were counterfeit, were not the same bills, or at least a part of them, which Trenchard paid him, and there can be no doubt that, at one time at least, Trenchard thought such was the fact. Upon this point, I can really come to no satisfactory conclusion from the imperfect notes of the evidence which we have. If Henrichsen received good money and returned counterfeit, he is guilty, not only of fraud and counterfeiting but of perjury also. Although there is certainly a suspicion that this may be so, yet we cannot say that such a case is made out by this testimony so far as shown. The circumstances so far as shown favorable to Warner, are not sufficient, I think, to overcome the sworn answer of the defendant, and the positive oath of Henrichsen. The judge who tried the criminal case and whose notes we have as evidence in this suit, decided this case below; but if he obtained a clear view of the facts so as to enable him to arrive at a satisfactory conclusion in the case, he must have done so from what he heard of the evidence on that trial, when he took the notes, and not

from the notes themselves; while we have no light upon the subject, but what is afforded by the latter. If this be so, then this record does not show the whole case upon which the court below decided. We must form our conclusions from such lights as the record affords. In a chancery case, that must show sufficient to sustain the decree, if it is to be sustained at all.

But irrespective of this question of the payment of the money, which principally engrossed attention in the court below, the record fails to make out an indispensable feature of the case as at first stated, so that in any event the decree must be reversed.

*Decree reversed.*