# JEREMIAH DRISCOLL *et al.*

*v.*

# ANDREW J. TANNOCK *et al.*

1.  USURY—*forfeiture of whole of the interest.* Under the act of 1857, relating to interest, where a party reserves a greater rate of interest than ten per cent per annum, he will forfeit the whole of the interest, and can only collect the principal sum after deducting payments.

2.  On bill to foreclose a deed of trust given for $455, the answer set up that the note and deed of trust were given for but $350, and that $105 was added for usurious interest. The complainant, in his replication, admitted the note was given for the loan of $350. The bill also admitted the payment of $140 on the note: *Held*, that by reserving usurious interest in the note, the complainant was only entitled to recover the sum of $350, less the payment admitted.

3.  CHANCERY PRACTICE—*preserving evidence.* There is no rule better settled in this State than that the complainant, to maintain a decree in his favor, must preserve the evidence on which it is based, in the record, and failing to do so the decree will be reversed.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. H. M. VANDEVEER, Judge, presiding.

This was a bill in chancery, filed by Andrew J. Tannock and George P. Fowler against Jeremiah Driscoll and others, to foreclose a deed of trust, Fowler being the trustee in the deed of trust. The facts are stated in the opinion.

Mr. A. N. KINGSBURY, for the plaintiffs in error.

Mr. W. T. COALE, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Plaintiffs in error filed a bill to obtain a sale of real estate conveyed to a trustee to secure a note given to Tannock by Driscoll. The note was for $455, upon which Tannock, in his bill, admitted payments amounting to $140. It was payable eighteen months after date, with ten per cent interest till due, and thirty-six per cent per annum as damages after maturity.

Driscoll answered the bill, admitting giving the note; alleges that the note was given for but $350, and that $105 was added in the note for usurious interest. The answer also claims larger payments than are set up in the bill.

Complainant filed a replication, in which he admits that the note was given for the loan of $350, but denies that there was paid on the note more than $140. Thereupon, the case was heard on bill, answers, replication, exhibits and proofs, as is recited in the decree, and the court rendered a decree in favor of complainant, for $375 and costs. It fixed a time for payment of the money, and directed that, in case of a default therein, the premises be sold to raise the same.

The evidence, beyond the exhibits, is not preserved in the record, and plaintiffs in error urged that, inasmuch as complainant admitted that the note was usurious, the court erred in rendering a decree for more than the sum actually loaned. The

third section of the act of 1857, (Sess. Laws, p. 45,) provides, that if any person or corporation shall contract to receive a greater rate of interest than ten per cent upon any contract, written or verbal, such person or corporation shall forfeit the whole of the interest, and shall be entitled only to recover the principal sum due to such person or corporation. Now, from the answers and replication, it stands admitted that the contract in this case was for more than ten per cent interest, and brings the case fully within the provisions of the statute, and the decree allowing $125 interest is manifestly erroneous. It is palpably in violation of the clear and unmistakable provisions of the statute. We are at a loss to comprehend how such a decree could have been rendered in the face of such an enactment.

But it is answered, that the decree states that there was other evidence. If so, it was not preserved in the record. And there is no rule better settled, and none much more frequently repeated, than that the complainant, to maintain his decree, must preserve the evidence on which it is based in the record, and failing to do so the decree will be reversed.

In this case there are minor defendants, whose interests may be seriously affected by the decree, and it has ever been held in this court, to pass upon and cut off rights of minor defendants, there must be satisfactory evidence, and it must be preserved in the record, or the decree will be reversed. There can be no presumption that they waived any rights or estopped themselves from setting up the defense of usury, as their father, from whom they inherit, purchased a portion of the land from Driscoll, and he and they took it with the right to set up the usury on a foreclosure. But as to adult defendants, the evidence must be preserved in the record in one of the modes required by the rules of chancery practice. It was for the complainant to make out his case. He, in doing so, admitted that he had an indebtedness of but $350, and that the balance of his claim was for interest, and that it was usurious. That showing would entitle him only to the balance

of the principal, after deducting the payments he admits to have been made. Under the interest laws that would be all he could recover on this record.

If there was evidence which would sustain this decree above that amount, it should have been preserved in the record. On the pleadings, as they are made up, we are unable to even conjecture how evidence could have been received that could sustain the decree for the sum decreed to be paid.

The decree of the court below must be reversed and the cause remanded.

*Decree reversed.*