Becker v. Becker.

ment of the circuit court is reversed and the cause remanded in each of said causes.

Reversed and remanded.

## ALBERT J. BECKER
## v.
## AMELIA BECKER.

| 15 | 247 |
|----|-----|
| 46 | 398 |
| 15 | 247 |
| 76 | 608 |
| 15 | 247 |
| 111 | ¹398 |

1. ALIMONY PENDENTE LITE—PETITION AND NOTICE.—While it is the better practice in case of a decree for alimony *pendente lite* that a separate petition containing averments of the necessary and particular facts should be filed and notice of the motion for temporary alimony be given the opposite party, the statute does not require such petition and notice, and error assigned therefor can not be sustained.

2. QUESTION WITHIN DISCRETION OF COURT.—*Ad interim* alimony and money for the payment of solicitor's fees and other expenses of the court is given, not as a strict right to the wife, but it rests largely in the sound discretion of the court; and when that discretion is exercised fairly and without abuse by the trial court after hearing testimony, it will not ordinarily be interfered with on appeal.

3. WHAT NECESSARY TO PROVE.—Before alimony *pendente lite* can be awarded, the alleged marriage and the ability of the husband to pay such sum as may be decreed must be admitted or proved; and the decree in such case, so far as that question is considered, is final, and is to be treated as a final decree as in any other case in chancery; since there is no evidence in the record of the ability of the husband to pay the alimony awarded in this case the cause must be reversed.

4. DECREES FOR ALIMONY, HOW ENFORCED.—Decrees for alimony may be enforced by execution, as other decrees, or in any other mode consistent with the practice in chancery. A court may enforce decrees for the payment of alimony, by sequestration of real or personal estate, by attachment against the person, by fine or imprisonment or both, this power subject, however, to the limitation imposed by the constitution.

ERROR to the City Court of East St. Louis; the Hon. WM. P. LAUNTZ, Judge, presiding. Opinion filed October 10, 1884.

Mr. M. MILLARD, for plaintiff in error; as to necessity of notice and petition, cited Puterbaugh's Ch. Pr. 518.

Before temporary alimony may be awarded, the marriage

must be admitted and proved and there must be some evidence of the ability to pay: 2 Bishop on Marriage and Divorce, § 496; Wright v. Wright, 3 Tex. 168.

Mr. E. R. DAVIS, for defendant in error; that the matter of allowing temporary alimony *pendente lite* is within the sound discretion of the court and will not be disturbed unless such discretion has been abused, cited Blake v. People, 80 Ill. 11.

CASEY, P. J. The defendant in error instituted suit against the plaintiff in error for a separate maintenance in the City Court of East St. Louis. Afterward the defendant in error, having obtained permission from the court, amended her bill, charging her husband with extreme and repeated cruelty, habitual intoxication for the period of two years, and praying for a divorce.

To the amended bill an answer was filed, denying the allegations as to extreme and repeated cruelty and intoxication and replication to the answer.

During the pendency of the suit the defendant in error, by her counsel, entered a motion for alimony *pendente lite*. No separate petition for alimony of that character was filed, and it is claimed by counsel for plaintiff in error that no notice of the motion was given. The motion was allowed and a decree entered, allowing the sum of one hundred dollars to the defendant in error for the support of herself and child during the pendency of the suit, and the sum of twenty-five dollars, decreed to her as a fee to her solicitor. It was further ordered that if the sum was not paid within ten days an execution should issue. That branch of the case is brought to this court by a writ of error and the errors assigned are:

1. The court erred in allowing alimony without a petition for that purpose being filed, and notice.

2. There was no testimony showing complainant was entitled to temporary alimony or that defendant was able to pay it.

3. It was error to award an execution for its collection.

Becker v. Becker.

The first error assigned can not be sustained. The statute authorized the court to decree alimony *pendente lite* in such cases, and while perhaps it is the better practice that a separate petition should be filed, containing averments of the necessary and particular facts, the statute does not require it to be done; more especially is this so where the original bill shows all the facts necessary or that might be alleged in a separate petition.

Neither does the statute require that notice of the motion for temporary alimony should be given to the opposing party; he is brought into court by the summons and must take notice of motions entered upon the record.

In regard to the second error assigned, the *ad interim* alimony and money for the payment of solicitors' fees and other expenses of the court, is given, not as a strict right to the wife, but it is a question resting largely in the sound discretion of the court. When that discretion is exercised fairly and without abuse by the trial court, after hearing testimony, it will not ordinarily be interfered with on appeal, but it will be when substantial rights have been impaired.

The alleged marriage and the faculty of the defendant, that is, his ability to pay such sum as may be decreed, must be admitted or proved before alimony *pendente lite* can be awarded. Bishop on Marriage and Divorce, Vol. 2, Sec. 496.

The court, upon a hearing of that question, must enter its decree finding in favor of the complainant or the defendant, and the decree of the court, so far as it regards that question, is not interlocutory—it is final. The decree in this case, then, is to be treated as a final decree in any other case in chancery; and so regarding it, the question arises: is the decree sufficient in the cause, or is it supported by the evidence? The decree as rendered shows that the parties complainant and defendant appeared by their attorneys respectively, and that " the court hearing evidence and argument of counsel, finds that the complainant has no means of support or money to maintain or prosecute her suit against the defendant. It is therefore ordered, adjudged and decreed, that the defendant pay to the complainant, within ten days from this date, the sum of one

hundred dollars, and in the same time that the defendant pay to the complainant the further sum of twenty-five dollars for the use of her solicitor." The decree further provides, as before stated, that in case the money is not paid within the ten days, that an execution shall issue. No evidence whatever is to be found in the record, unless it may be in the finding of the court, that the complainant is poor and unable to prosecute her suit. As to the faculty or ability of the defendant to pay the amount of alimony awarded, there is no testimony whatever, and it does not appear from the decree that the court heard evidence on that subject. It is a well established doctrine that the facts upon which a decree is based must appear somewhere in the record, either by bill of exceptions, by a certificate of the evidence, or by a recital in the decree that certain facts were found.

It must appear from the record that the court heard evidence and found the allegations in the bill to be true. Davis v. Davis, 30 Ill. 180; Wilhite et al. v. Pearce, 47 Ill. 413.

If the court below had found in its decree that the material allegations in the bill, as to this question, were true, this court in such case would presume that the court heard testimony that justified such a decree, although the evidence was not preserved in the record, except by the findings of the court. Driscoll et al. v. Tannock et al. 76 Ill. 154; Ward v. Owens et al., 12 Ill. 283; Trenchard v. Warren, 18 Ill. 142.

The testimony upon which a decree is rendered must appear in the record in some manner, or the facts may in some cases be admitted in the answer. Grab v. Cushman, 45 Ill. 119.

The amount of property owned by the defendant was a material averment in the bill, and material on the hearing of the question as to alimony *pendente lite*. One that must be supported by the evidence. Upon this question, as we have said, there is no evidence in the record.

A decree will be reversed when there is no evidence to support it. Koeler v. Eaton, 52 Ill. 319.

In the same case the court say, as there was no evidence whatever upon which to base the decree, we will presume the case was heard *ex parte* and the decree was rendered under a

misapprehension of the facts.    There was no error in ordering an execution for the purpose of collecting the alimony.

Decrees for alimony may be enforced by execution as other decrees in chancery, or in any other modes consistent with the practice in the courts of chancery no doubt; the court may enforce decrees for the payment of alimony, by sequestration of real or personal estate, by attachment against the person, by fine or imprisonment, or both, in the discretion of the court. Blake v. The People, 80 Ill. 11.

While this extraordinary power is conceded to rest in the courts, it is subject to this limitation, imposed by the constitution, that a party may not be imprisoned, except in cases where it shall appear he has the pecuniary ability to enable him to comply with the decree and his disobedience is willful.

For the reason that the decree in this cause is not sustained by the evidence, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.