PATRICK H. HEFFRON

v.

JAMES H. RICE.

*Partnerships—Dissolution — Receiver — Duty of — Compensation of — Practice.*

1. A receiver should, upon taking possession of an insolvent estate, first make a complete inventory of the property thereof.

2. He must take proper receipts from persons to whom he makes payments.

3. Sworn declarations verifying a receiver's final account setting forth "that the same is true to the best of his knowledge and belief," or " of his own knowledge except as to the matters therein stated on information and belief, and as to those matters he believes it to be true," amount to no more than statements that he believes the account to be true. In accounts under decrees in equity, a party must swear peremptorily that he has paid the money in question.

4. Vouchers should be filed with the account, and in case there are no vouchers, a positive verified statement should be filed, showing to whom, for what, and when, such items were paid.

5. It would seem that in such instances if the receiver, from not having himself personally made or witnessed the payment, is unable to swear positively to the disbursement, that the positive affirmation under oath of the person who did make the payment should be filed, and this should be supplemented by the sworn statement of the receiver as to his information and belief in the matter. Books of accounts supplemented by the oath of the person keeping them, that they are a regular and full set of books kept in and about the business, are admissible as evidence of the payments therein shown.

6. Where objections are filed to an account or any items thereof, the better practice would seem to be, to refer the disputed items to a master to take testimony and report his conclusions as to the same, and it is for the receiver to satisfactorily show before the master that he is entitled to credit claimed by him.

7. The burden of proving improper conduct upon the part of a receiver is upon the party alleging the same, and if the charges are not upheld the same must be dismissed at his cost.

8. A court should not, without evidence as to proper compensation in a given case, determine and award the compensation to be paid to a receiver, and if it fails to follow such rule, a reviewing court may, upon appeal, set such award aside.

[Opinion filed March 13, 1891.]

Heffron v. Rice.

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. OSBORNE BROS. & BURGETT, for appellant.

" It is his (the receiver's) duty to apply to the court for instructions as to expenditures and to keep regular accounts of all items of receipts and expenditures. He can not in these matters act upon his own discretion, but is held to a strict accountability to the court, and must produce satisfactory vouchers and proof for all his charges against the fund intrusted to his keeping." High on Receivers, Sec. 798; Hooper v. Winston, 24 Ill. 353; Beach on Receivers, Sec. 743.

" But a receiver is not entitled to an order of reference to examine and pass upon his accounts until he has presented a full and definite statement, itemizing with particularity the various matters, and verifying the account under oath," and the reference should relate specifically to the account as presented. People v. Columbia Car Springs Works, 12 Hun, 588; Hooper v. Winston, 24 Ill. 353; High on Receivers, Secs. 798, 801; Beach on Receivers, Secs. 743, 747; Matter of Com. F. Ins. Co., 32 Hun, 78, 79, 80, 81; Martin v. Martin, 14 Oregon, 1657; Abbott v. Baltimore, etc., Packet Co., cited in Beach on Receivers, Sec. 762, n.

An order of reference of receiver's accounts to master can not be made, nor a motion entertained, until the receiver has filed his accounts with the court. Edwards on Receivers, 215; Dan. Ch. Pr., 1752; Kerr on Receivers (2d Ed.), 247, 248; 2 Wait's Pr., 262.

In People v. Columbia Car Spring Works, the receiver applied for the appointment of a referee to pass his accounts, although he had not made, filed, presented or served any inventory, statement or account whatever (p. 586). At the hearing on this petition, objection was made that a motion to refer accounts could not be made or entertained until the accounts had been made and filed with the court. But the motion was granted and an order appointing a referee to pass the receiver's accounts was entered (p. 586). An appeal

was taken from the order of reference, and on appeal the Supreme Court said :

" The petition of the receiver fails to show that he had filed or presented any account, as the established practice of the court requires. It states his claim in the most general and indefinite manner. The parties had no information of what he claimed to be entitled to, either for his compensation or his disbursements and expenses. It was his duty to have first filed his account or presented it with his petition, so that the parties against whom it is claimed might have an opportunity to determine whether they were willing to consent to the same without the expense of a reference, and the court also might have an opportunity to pass upon the petition of the receiver with a better understanding of the nature and extent of his claim. Edwards on Receivers, 215; Kerr on Receivers, 247, 248; 2 Wait's Pr. 262. To sustain the order as made would introduce a looseness or practice in such cases which might lead to great abuses. The receiver would be at liberty to present, before the referee, without any restraint, whatever claims he might choose to set up, and thus open a field of controversy far broader than any intended to be permitted by the established practice. These should, before the order of reference is made in such cases, be presented with a full and definite account, itemizing, with particularity, the various claims made by the receiver, verified also by his oath; and the reference should relate specifically to the claims presented in that form " (p. 588). People v. Columbia Car Spring Co., 12 Hun, 585.

Any person interested in the property in the hands of a receiver is entitled, on motion, to have an order on the receiver for a report and a reference of his account. Lowe v. Lowe, 1 Tenn. Ch. 515.

Parties interested as well as the receiver should have notice of the time and place of hearing before master on receiver's report, and have a right to be present and introduce evidence upon any subject pertinent to the inquiry. 3 Dan. Ch. Pr. (Perkins' Ed.) 2345; Beach on Receivers, Sec. 747; Gleason v. Goodwille Wyman Co., 38 Hun, 138, 141.

Heffron v. Rice.

On reference of a receiver's account he may be required to show fully how he kept the funds, etc.   Hinckley v. R. R. Co., 100 U. S. 153.

" It is a general rule of practice in these, as in other suits which involve the examination of long accounts, that the matter should be referred to a master or other officer; and this rule applies, indeed, with special force to the settling of the accounts of a receiver.   If the receiver apply for a reference to pass his accounts, he should first file a full and definite settlement, verified by his oath, itemizing with particularity the various claims made by him, and the reference should relate specifically to the claims therein contained."   Beach on Receivers, Sec. 747; High on Receivers, Sec. 801; People v. Columbia Car Spring Wks., 12 Hun, 585.

In England the master's report upon a receiver's account did not require confirmation by the court, and therefore did not admit of exceptions.   The court would, upon petition of any person aggrieved, review the general principles of law on which the master had proceeded in taking the receiver's accounts, and which were alleged to be erroneous.   But the court would not review questions of fact as to the correctness of particular items in the account.   This rule seems to be adopted in New York and the United States Courts.   Beach on Receivers, Sec. 747; High on Receivers, Sec. 800, 801; Shewell v. Jones, 2 Sim. & Stu. 170; Aff'd, 3 Russ. 522; Cowper v. Cowper, 2 P. Wm. 720, 729; Brower v. Brower, 2 Edw. Ch. 621; Cowdrey v. Galveston R. R., 1 Woods, 341.

But under the Irish chancery practice a more liberal rule prevails, and the court will investigate the items of the receiver's account.   This is the rule also in Illinois, New Jersey, Rhode Island, Alabama, Indiana, Oregon and other States.   Beach on Receivers, Sec. 747; High on Receivers, Sec. 800; Beytagr v. Concannon, 10 Irish Eq. 351; Woolsey v. Cummings Car Wks., 33 N. J. Eq. 432; Richards v. Morris Can. & Bank Co., 3 Green's (N. J.) Ch. 428; Mech. Bk. v. Bank of N. B., 2 Green's (N. J.) Ch. 437; Bank Com. v. Franklin Inst., 11 R. I. 557; Ryon v. Thomas, 104 Ind. 59, 63; Magee v. Cowperthwaite, 10 Ala. 966, 969; Hooper v. Winston, 24 Ill. 353, 357; Martin v. Martin, 14 Oregon, 165.

Mr. C. H. REMY, for appellee.

We contend that Rice, receiver, in all things used his best judgment and was diligent and faithful to his trust, and a receiver, appointed to take charge of the property and settle the business of a partnership, is only required to use ordinary and reasonable diligence in the execution of his trust. See Johnston v. Keener, 23 Ill. App. 220; Kerr on Receivers, 227.

The allowance to appellee for receiver's fees was reasonable and the amount fixed wholly in the discretion of the court.

Justice Bradley said: "The receiver's office is not put up at auction. His compensation is not fixed on that principle at all. The chancellor selects a person whom he regards as trustworthy, and the amount of compensation is graduated somewhat by the duties and somewhat by the responsibility of the situation." Cowdry v. Railroad Co., 1 Woods, 331; Central Trust Co. v. Wabash, St. L. & P. Ry. Co., 2 Fed. Rep. 187; Beach on Receivers, Sec. 759.

WATERMAN, J. January 9, 1889, James T. Gore filed his bill against Patrick H. Heffron, alleging, *inter alia*, that they were partners in the carrying on of a certain hotel business on Clark street, in the city of Chicago, and were also owners of the building in which said business was carried on, and of a leasehold interest in the ground upon which it stood.

The bill prayed for a dissolution of the partnership, an accounting, and the appointment of a receiver to take charge of the firm property and business. An answer was filed by Heffron denying the partnership and most of the charges upon which the bill was based.

January 22, 1889, James H. Rice was appointed receiver of the property, and especially of the hotel business, with authority to manage and continue the hotel business until the further order of the court.

May 21, 1889, Rice made his first report as receiver; therein he charged himself with $600, retained, and asked that he be allowed upon accounts for his services the sum of $1,500.

On May 24th the court ordered that the receiver's report be approved. July 16, 1889, the receiver filed his resignation.

September 13, 1889, he filed his final report. Therewith he filed an exhibit, which he declared was a true account of his total receipts and disbursements; and that on July 19th he had paid over to his successor the sum of $2,650.25, and delivered to him all assets and property, together with all the books, papers and vouchers taken by him as receiver.

September 18, 1889, appellant filed objections to the report, the same being in substance that the report was too general and indefinite as to the receipts and disbursements; that no full and definite account of receipts and disbursements with vouchers had been filed; that said Rice was not only not entitled to any further compensation, but should be ordered to turn over the $600 in his hands, because the said Rice had improperly conducted himself as such receiver, setting forth in what such alleged improper conduct consisted, and appellant prayed " that said Rice be required to file instanter a full and definite account of all his acts and doings, receipts and disbursements as receiver; and that, after he shall have filed such account, his report and account may, together with these objections, be referred to a master to take proofs and report."

October 8, 1889, Rice filed an amended report, setting forth that on May 13th he filed a complete report, showing his receipts and disbursements up to said date, which report was approved by the court; that all that he has received for his services is the sum of $600, and that he is entitled to receive the sum of $500 per month, making the amount then due him the sum of $2,025; that his vouchers were left with the present receiver, Nicholas D. Laughlin, and "he hereby submits all of the same, and now produces such vouchers in court;" that accurate books of account were kept in said hotel, with proper vouchers for moneys paid out, but vouchers were not always taken when wages or small bills were paid. The receiver then, *seriatim*, denied each and every of the charges of improper conduct.

October 29, 1889, appellant filed further objections to the reports and accounts; they being in substance that the receiver

had not filed a proper account of his receipts and disbursements, or proper vouchers for the same; that all of the disbursements charged were not made; and all were not proper or just.

January 13, 1890, the receiver filed his accounts as receiver, and upon the same day appellant filed objection thereto, denying that the same were true or proper accounts, and moved for the reference of the accounts to a master; whereupon the court ordered that the report and accounts be referred to a master to take proof, and report as to what items should be charged to said Rice, and what allowance for expenses and disbursements should be made; the parties and said Rice to have an opportunity to call and cross-examine witnesses before the master, and that said Rice produce before the master his books and accounts as receiver; and further ordered that the question of the amount of compensation to which said Rice is entitled be referred to the master to take proofs of the parties and said Rice, and that he report the same with his conclusions thereon, and that the parties and Rice be permitted to call and examine witnesses.

March 3, 1890, the master filed his report, setting forth that the parties having failed to offer any evidence, he is unable to come to any conclusion as to the matters referred to him, and he therefore makes no recommendations.

March 4, 1890, an order was entered reciting that this cause came on to be heard on the motion of Rice, receiver, for the approval of the report of the master upon the reference to him of the report of Rice, receiver; and the same having been considered by the court, it is ordered that said master's report be approved, and that the amended report of said Rice, filed October 8, 1890, be in all respects approved, and that there be allowed to him, in full compensation for his services, the additional sum of $2,025, in addition to the amount heretofore allowed, and that said receiver be discharged and his bond canceled, whereupon appellant appealed.

Whether the receiver should have been allowed the additional sum of $2,025 for his services, depends to a considerable degree upon his conduct as receiver, and    *    *    * whether his accounts should have been approved and his bond

canceled, can, by this court, only be learned by an examination of the accounts, with the accompanying vouchers and all other matters shown in the record, by which the court may determine whether the accounts and vouchers are such as should have been produced and approved.

It is first noticeable that the receiver, taking possession, as he did, not only of a great real property, but of a large hotel business, including a bar, already in active operation, either did not make, or if he made, never produced any inventory of the estate, or of the goods and chattels he found on hand. It may be said to be one of the first duties, if not the first duty of a receiver after taking possession, to make a complete inventory of the property he finds on hand. The court and the parties are entitled to know from an examination of his reports and accounts, not merely that he has faithfully accounted for all moneys that came into his hands, but has also prudently and honestly administered and accounted for all the property that he became possessed of.

The Supreme Court of this State in the case of Hooper v. Winston, 24 Ill. 353, speaking in that case of the receiver of a hotel, say: "He should show an account current of the house, embracing therein the stock he found on hand, the purchases of every description for the house, and the receipts of the house."

In the present case the receiver credits himself with the sum of $1,425.61, paid by him for supplies and insurance, etc., due and owing at the time possession was taken by him. But what there was on hand to show for this sum, or what supplies, either for bar, laundry, kitchen or office, came into his possession, he fails to tell.

Among his disbursements are items for furniture, and what seem to be payments for keeping the equipments of the house in order; but with what the house was equipped, and what its condition when he took charge of it, he has given no information.

A receiver is but the steward of the court, and should give to the court all the information necessary to enable it to judge intelligently as to the manner in which it is being served by its agent.

The total cash disbursements of the receiver were $63,653 58
For these he has vouchers to the amount of
    only...................................    40,603 23
                                              _____
                                              $23,052 35

For more than $23,000, or more than one-third of his dis-
bursements, he has no vouchers.

The only explanation made for this absence of vouchers is
contained in the answer of the receiver to objections filed to
his final report.  He there says that the pay roll for wages
was properly kept, " but no voucher was taken in any instance
when payment was made to employes working by the week,
and it may be that small bills were paid without taking any
receipt or voucher at the time of payment."

This is neither a sufficient reason for a failure to take
vouchers, nor does it constitute sufficient proof to entitle the
receiver to an allowance of his accounts.  Beach on Receiv-
ers, Sec. 743.

In Hooper v. Winston, *supra*, our own Supreme Court says:
" For all his charges against the fund intrusted to his keep-
ing he should show satisfactory vouchers and proofs."

It is well established that a receiver must take proper
receipts from the persons to whom he makes payments; in
the consideration of his accounts he is subject to the rules to
which all other accounting parties are subject.  Daniell's Ch.
Practice, 1751; High on Receivers, Sec. 798.

The rule as to accounting is in Remsen v. Remsen, 2 Johns.
Ch. 501, declared by Chancellor Kent to be that the party is
to be allowed on his oath, being credible and uncontradicted,
sums not exceeding forty shillings each; but then he must
mention to whom paid, for what and when, and he must swear
positively to the fact and not as to belief only, and the whole
of the items so established must not exceed £100.  The
chancellor then remarks:  " The forty shillings was the sum
established in the early history of the court, and perhaps $20
would not now be deemed an unreasonable substitute."

Following the suggestion of Chancellor Kent, the Revised
Statutes of New York have fixed the sum of $20 as the

largest single item, and $500 as the total sum that can be allowed upon the oath of the party accounting. In the account under consideration, for many items ranging from twenty to more than two hundred dollars, there are no vouchers.

The evidence of the disbursements of over $23,000 consists in the statement of the receiver that he kept regular and proper books of account, showing receipts and disbursements which he has delivered to the present receiver, and a detailed statement of his account, verified by his declaration under oath as to his first account. The verification is "that the same is true to the best of his knowledge and belief." The final account is verified by the sworn statement "that the same is true of his own knowledge except as to the matters therein stated on information and belief, and as to those matters he believes it to be true."

Neither of these verifications amount to more than a statement that he believes the account to be true. Deimel et al. v. Brown, 35 Ill. App. 303; Sigmund v. Asher, 37 Il'. App. 122.

In accounts under decrees in equity, it is not enough for a party to swear that he believes he paid the money; he must swear peremptorily to the fact. Robinson v. Cumming, 2 Ark. 409; Daniell's Ch. P., 1229.

The Massachusetts form of verification would seem to be : "On this .... day of ...., before me personally appeared A B and made oath that he has read the above............, subscribed by him (or has heard it read), and knows the contents thereof, and that the same is true of his own knowledge except as to matters which are therein stated to be on his information and belief, and as to those matters he believes them to be true." Daniell's Ch. P., 2170.

The New York form in 1841 was: " On this ...... day of ......, before me personally appeared the above named A B and made oath that he has read the above ............ subscribed by him (or has heard it read), and knows the contents thereof, and that the same is true of his own knowledge except as to the matters which are therein stated to be on his

information or belief, and as to those matters he believes it to be true." Barbour's Ch. P., Vol, 1, p. 44, *p. 144.

The English rule as to answer was declared to be in Attorney-General v. Hudson, 41 E. Ch. Rpts., Appendix, p. 53: "You swear that what is contained in this, your answer, as far as concerns your own act and deed, is true, to your own knowledge, and that what relates to the act and deed of any other person or persons you believe to be true." The last mentioned form is given in a note to Sec. 872 of Story's Eq. Pleadings.

Looseness in the form of verification of papers required to be verified, ought not to be encouraged.

It is a universal principle in all courts that any irregularity in a jurat may, unless expressly waived, be objected to in any stage of a cause. Daniell's Ch. P., 748; Barbour's Ch. P., 170.

The form for verification of a receiver's account as given in Daniell's Ch. P., 2170, is:

"I, ............ of ............., the receiver appointed in this cause, make oath and say as follows: I say that the account contained from page .... to page .... both inclusive, in each of the two several books marked with the several letters A and B, produced and shown to me at the time of swearing to this, my affidavit, and purporting. to be my account of ............ from the.... day of...... to the .... day of ...... both inclusive, doth contain a true account of all and every sum and sums of money received by me or by any other person or persons by my order or to my knowledge or belief for my use on account of or in respect of the said ...................................... other than what is included as received in my former account (or accounts) sworn to by me.

"2. And I further say that the several sums of money mentioned in the said account hereby verified to have been paid and allowed, have been actually and truly so paid and allowed for the several purposes in the said account mentioned.

"3. And I further say, that the said account is just and true in all and every the items and particulars therein contained, according to the best of my knowledge and belief."

If the verification had been in accordance with the rules of chancery practice so that perjury could be assigned thereon, the proof would then come far short of the rule announced by Chancellor Kent.

In presenting his account for allowance, the receiver occupies a position analogous to that of a plaintiff; he is charged with all that he admits or is shown to have received, and it is for him to show that he has paid out the sums for which he asks credit. The receiver is held to great strictness in respect to his accounts, and when he fails to produce vouchers for disbursements, a satisfactory reason for such failure should be given. The desire to obtain money due is so great that it is very seldom it can be difficult for a receiver to obtain a receipt for a payment made by him.

The vouchers should be filed with the account, and for such items as there are no vouchers, the receiver should file a verified statement, showing to whom, for what and when such items were paid, and this verification should be positive, not merely upon belief; in such instances as the receiver, from not having himself personally made or witnessed the payment, is unable to swear positively to the disbursement, it would seem the positive affirmation under oath of the person who did make the payment should be filed, and this should be supplemented by the sworn statement of the receiver as to his information and belief in the matter.

Where, as is alleged was done in this case, proper and regular books of account are kept, showing all receipts and disbursements, such books supplemented by the oath of the bookkeeper that the same contain a complete, just and true account of all receipts and disbursements, and are a regular and full set of books kept in and about the business, are admissible as evidence of the payments therein shown.

All this should be done before an allowance of the account is asked, in order that not only the court, but all parties in interest, notice having been given, may have an opportunity to intelligently examine the accounts, and determine what portion, if any, they desire to object to.

If objections are filed to the account or any items thereof,

the English rule is to refer such portion to a master, and, in analogy to the decision in this State requiring long and complicated accounts between parties to be referred to a master to take testimony and report his conclusions as to the same, the better practice would seem to be to refer the disputed items to a master to take testimony and report his conclusions as to the same.  Beach on Receivers, Sec. 747.

Before the master, the receiver necessarily holds the affirmative; it is for him to satisfactorily show that he is entitled to the credits he claims.  In the present case the receiver should have gone before the master with his books, papers, vouchers and all evidence necessary to establish the justness of his claims.  And as to the charges made by appellant of improper conduct on the part of the receiver, the burden was upon appellant by proper proof to establish such charges, or they must be dismissed at his cost.

Neither party having appeared before the master he merely reported that fact, and that consequently he was unable to come to any conclusion as to the matters referred to him; thereupon this report was approved and an order made allowing the receiver the sum of $2,025, in addition to the amount theretofore allowed.

The order of May 24, 1889, which seems to have been treated as an allowance to the receiver of the sum of $1,500, was in fact no allowance whatever; the receiver made a report in which he asked that he be allowed upon account for his services the sum of $1,500; the report was approved; this is an approval only of the act of the receiver in asking for an allowance of $1,500 on account.  This order, as well as that allowing the sum of $2,025  "in addition," was made without any evidence as to what would be a proper compensation.

If a court can not, upon the dissolution of an injunction, without evidence, fix the amount to be awarded as damages, although such damages may consist entirely in the amount necessarily paid to a solicitor for procuring such dissolution, it would hardly seem that the court could go on and without evidence determine and award the compensation to be paid to the manager of a hotel, a matter concern-

ing which the chancellor can not, from his training and experience, be presumed to have any knowledge.

It is urged by appellee that the allowance of compensation to receivers is a matter within the discretion of the court, and that a reviewing court can interfere with the order of the court below, in this regard, only where such discretion has been abused; this is true where the court below acted upon evidence from an examination of which the reviewing court can determine whether there was an abuse of discretion.   It is a familiar rule that the facts upon which decrees in chancery are based, must appear in the record.   Pankey, Adm'r, v. Raum, 51 Ill. 88; Wilhite v. Pearce, 47 Ill. 413; Grob v. Cushman, 45 Ill. 119; Becker v. Becker, 15 Ill. App. 247.

Here apparently, the court acted without evidence; to do so was error.

We are not disposed to relax the rules within which courts have been accustomed to hold receivers.   Many years of experience have demonstrated the wisdom of the established practice.   A letting down of the old time strictness would be fraught with great danger to estates.

The order of the court below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*