# THE BRABROOK TAILORING COMPANY
## v.
## BELDING BROS. & CO.

*Creditors' Bills—Practice—Receiver—Appointment of.*

1. Any irregularity in a *jurat* may, unless expressly waived, be objected to in any state of a cause.

2. A verification of a creditor's bill setting forth that the party knows the contents thereof, "that the same are true except as to those matters therein stated upon information and belief, and as to those matters he believes it to be true," amounts to no more than a statement that affiant believes the contents of the bill to be true, and is an insufficient verification.

3. To justify the appointment of a receiver upon a bill filed under Section 25, Chap. 32, R. S., it must be shown that the cessation from business has been for such time that the court may infer more than a temporary suspension, or facts must be set forth from which it appears that the suspension is more than an interruption of its usual course by reason of some emergency.

4. Receivers are not ordinarily appointed at the instance of a creditor until he has exhausted his remedy at law, for the reason, among others, that to do so would deprive the party against whom the proceeding is, of his or its right to a trial by jury.

5. A simple contract creditor can not maintain a bill to obtain a judgment against a corporation.

6. Courts of equity, under legislative enactments enlarging their general jurisdiction to appoint receivers over corporate bodies, proceed with extreme caution.

7. The appointment of a receiver for a corporation is an act divesting the company of the control of its property, suspending the exercise of its powers and quite likely a proceeding which will result in its dissolution. A statutory authority by which one may be deprived of his estate must be strictly pursued.

8. The insolvency of a corporation does not, *per se*, put an end to the power of the company to manage its assets or fix the lien of creditors.

9. As a rule the creditors of a corporation must enforce their legal claims at law, and they can obtain relief in equity by creditor's bill only after their legal remedies have been exhausted.

10. The allegation in a creditor's bill that "a part" of a certain amount is now due, can only be taken as a charge that the smallest possible fraction of the amount owing is due.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. CRATTY BROS. & ASHCRAFT, for appellant.

Mr. JAMES A. PETERSON, for appellees.

WATERMAN, J.   Upon bill filed and application in the court below, appellees obtained an order for the appointment of a receiver for appellant.

The bill charges that Belding Brothers & Company are creditors of appellant to the amount of $2,087.53, for goods sold and delivered, and that part of the amount is now due; what that part is, the bill does not state; the allegation, therefore, that a part is due, can be taken only as a charge that the smallest possible fraction of the amount owing is due.

The bill then charges that judgments for a large amount, over $20,000, by confession or warrants of attorney, have been entered against appellant, and that all of its property has been levied on under execution issued thereon; it then charges that all of said judgments are void because of want of authority in the secretary of appellant to execute the warrants of attorney under which they were confessed; that appellant is insolvent and unable to pay its debts; that on the 13th of December, 1890, it ceased to do business, and now has no office within the city of Chicago.   For what length of time it has ceased to do business the bill does not state; but if the rule which requires that pleadings are to be taken most strongly against the pleader, were, as it is not, to be disregarded, the bill having been filed on the 18th, there would be at the utmost a charge that it had for five days ceased to do business.   Applying the well known rule, the charge is that December 13th it ceased to do business; as December 13th fell on Saturday, its conduct in ceasing to do business up to the time the first bill filed was sworn to, Monday, December 15th, was neither reprehensible nor extraordinary.

The bill also charges that appellant has other creditors, mentions who are its stockholders, with the amount of their

several holdings, and makes them parties, and contains a prayer not only for the appointment of a receiver, but also that the appellant corporation be dissolved, its charter declared forfeited, and its estate administered according to the principles of equity.

The verification of the bill is: "William A. Stanton, agent of the above named complainant, being first duly sworn, on his oath deposes and says that he has read the foregoing bill of complaint, and knows the contents thereof, and the same are true, except as to those matters therein stated upon information and belief; and as to those matters he believes it to be true. William A. Stanton."

This is not a sufficient verification. It amounts to no more than a statement that William A. Stanton believes the contents of the bill are true. Deimel et al. v. Brown, 35 Ill. App. 300; Siegmund v. Ascher, 37 Ill. App. 122; Heffron v. Rice, 40 Ill. App. 244; Daniell's Ch. P., 2170; Barbour's Ch. P., Vol. 1, p. 44 and 144.

It is a universal principle of all courts that any irregularity in a jurat may, unless expressly waived, be objected to in any state of a cause. Heffron v. Rice, 40 Ill. App. 244; Daniell's Ch. Practice, 748; Barbour's Ch. Practice, 170.

Appellant demurred to the bill and filed an affidavit made by its secretary declaring that the execution of the warrant of attorney was fully authorized; that it has not ceased doing business, but is expected shortly to resume full control of its business and property, and that it has not ceased to have an office in the city of Chicago.

It is urged that this bill was brought and the order for a receiver made under Sec. 25, of Chap. 32, of the Revised Statutes, which provides: "When a corporation shall cease doing business, leaving debts unpaid, suits in equity may be brought against all persons who were stockholders at the time, or liable in any way for the debts of the corporation, by joining the corporation in said suit, and each stockholder may be required to pay his *pro rata* share of such debts or liabilities, to the extent of the unpaid portion of the stock, after exhausting the assets of such corporation. And if any stock-

holder shall not have property enough to satisfy his portion of such debts or liabilities, then the amount shall be divided equally among the remaining solvent stockholders.

" And courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor, who shall have full authority," etc.

To justify the appointment of a receiver upon a bill filed under this section, something more is necessary than a mere allegation that it has " ceased doing business." It must be shown that such cessation has been for such time that the court may infer more than a temporary suspension, or facts must be set forth from which it appears that the suspension is more than an interruption of its usual course by reason of some emergency.

Receivers are not ordinarily appointed at the instance of a creditor until he has exhausted his remedy at law, for the reason, among others, that to do so would be to deprive the party against whom the proceeding is, of his or its right to a trial by jury. Gore v. Kramer, 117 Ill. 176; Dormeuil et al. v. Ward et al., 108 Ill. 216.

In the present case appellant is entitled to contest before a jury the claim of appellee, a right which the appointment of a receiver entirely deprives it of.

A simple contract creditor can not maintain a bill to obtain a judgment against a corporation. Geo. H. Taylor Co. v. Woolverton, 37 Ill. App. 358.

As to whether it is necessary that a creditor, before proceeding under Sec. 25 of the statute concerning corporations, shall have obtained judgment against the corporation, we express no opinion.

Courts of equity, under legislative enactments enlarging their general jurisdiction to appoint receivers over corporate bodies, proceed with extreme caution. High on Receivers, Sec. 292; Oakley v. Patterson Bank, 1 Green. Ch. 173–179; Bangs v. McIntosh, 23 Barb. 591–599.

The appointment of a receiver for a corporation is an act divesting the company of the control of its property, suspend-

ing the exercise of its powers, and quite likely a proceeding which will result in its dissolution. A statutory authority by which one may be deprived of his estate must be strictly pursued. Bloom v. Burdick, 1 Hill 130–141; Bangs v. McIntosh, *supra*.

The insolvency of a corporation does not, *per se*, put an end to the power of the company to manage its assets or fix the lien of creditors.

As a rule, the creditors of a corporation must enforce their legal claims at law, and they can obtain relief in equity by creditors' bill only after their legal remedies have been exhausted. Morawetz on Corporations, Sec. 578–585; Terrcy v. Anderson, 95 U. S. 628–636.

The order of the court below appointing a receiver will be reversed.

*Order reversed.*