## Harvey S. Hayden v. The Chicago Title & Trust Company et al.

<div style="float:right">55 241<br>55 403</div>

1. RECEIVERS—*Requisites of Reports—Practice.*—A receiver should present his accounts before the court in such shape that the parties in interest may be so informed thereby, that they may assent to their correctness. But if not assented to, the general rule as to accounts requires that they be referred to a master, and notice to attend before such master must be given.

2. DECREES—*Must be Sustained by the Record.*—The record must contain sufficient evidence to sustain the decree.

**Memorandum.**—Appeal from order approving a receiver's report. Entered in Circuit Court of Cook County; the HON. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed October 15, 1894.

APPELLANT'S BRIEF, ALLAN C. STORY AND FRED W. STORY AND STORY, WESTOVER & STORY, ATTORNEYS.

" If a party shall plead, demur or enter a motion in a cause, though filed after the rule to plead had expired, if not placed in default by order of court, he will be in time; and the plea or motion will stand for answer or hearing." Castle v. Judson, 17 Ill. 386; Cook v. Forest, 18 Ill. 581; Corbin v. Turrill, 20 Ill. 516.

The established practice is for the accounts of a receiver to be filed and passed in the office of the master. Foster's Fed. Pr., 383, Sec. 257.

The creditors of an insolvent corporation are entitled to notice to be present at the receiver's accounting. Greason v. Goodwillie-Wymon Co., 38 Hun (N. Y.) 138.

Courts of equity will, as a general rule, require that, in respect to attorneys' and counsel's fees contained in a receiver's report, nothing shall be paid by him until such charges have been approved by the court, and an order to that effect duly entered. It has been held that a reference will be made to determine whether the services have been rendered, and whether the charges are just and proper. People v. Knickerbocker L. Ins. Co., 31 Hun (N. Y.) 622.

APPELLEES' BRIEF, GARTSIDE & LEFFINGWELL, ATTORNEYS.

In C. & C. Electric Motor Co. v. Lewis, 47 Ill. App. 576, the court say: "An appeal does not lie from mere order of reference to a master to take testimony, state an account and report the same to the court." See also Conant v. Riseborough, 30 Ill. App. 498; Gage v. Eich, 56 Ill. 297; Hunter v. Hunter, 100 Ill. 519.

In the absence of a complete record the presumption is that the omitted portion contains that which justified the action of the court. Adair v. Adair, 51 Ill. App. 301; Van Mater v. Lovis, 29 Ill. 488; Alling v. Wenzel, 46 Ill. App. 562.

In O'Connor v. Village of Shabbona, 49 Ill. App. 619, the court say: "The rule that parties can not make a new case in this court, applies to the law as well as the facts. After a trial a party may, by reflection and research, discover and bring to the attention of an appellate court an objection that never occurred to him on the trial. Or he may be aware of an objection and conceal it from the court and opposite party for the purpose of an appeal in case of defeat. A trial court is not to be burdened with the duty of searching for objections which a party can not discover, or may see fit to conceal." See also Swift v. Whitney, 20 Ill. 144; Buntain v. Bailey, 27 Ill. 409; Harmon v. Thornton, 2 Scam. 351; Graham v. Anderson, 42 Ill. 514; Potter v. Potter, 41 Ill. 80; Moser v. Kreigh, 49 Ill. 84.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the 12th day of January, 1894, there were pending in the court below two chancery suits which had been consolidated, to which the appellant had been made party defendant, and in which the appellee had been appointed receiver of the assets of the Henry Dibblee Co., the principal defendant.

On that day, which was Friday, the appellee filed what was intended as a final report, in which it asked that $403 be paid to its solicitors and that it retain $400 for services.

An order was entered that unless objections should be

filed by 10 o'clock A. M. of the 15th, which was Monday, the report should be approved and the receiver discharged.

The record shows no notice to anybody that such an order would be applied for, but the solicitor of the appellant heard of it the day it was entered, and after 10 o'clock on Monday filed objections. The order was made absolute the next day. He had notice late in the afternoon of Monday, that the court would be applied to next morning to make the order absolute, but did not attend.

If the record showed any justification of this latter order, or that the objection to it were such as neglect would waive, it would be affirmed on this appeal from it, but the record presents no such case. " We must form our conclusions from such lights as the record affords. In a chancery case, that must show sufficient to sustain the decree, if it is to be sustained at all." Truchard v. Warner, 18 Ill. 142.

First. There is no proof of any services by either the receiver or the solicitors. Even the receiver's report is without the sanction of an oath, the affidavit of its second vice-president thereto attached, being in the form of the second one commented upon in Heffron v. Rice, 40 Ill. App. 244.

Second. A receiver should present his accounts before the court in such shape that the parties in interest may be so informed thereby, that they may assent to their correctness. People v. Columbia Co., 12 Hun 585; Stretch v. Gowdey, 3 Tenn. Ch. (Cooper) 565.

But if they are not assented to, the general rule as to accounts requires that they be referred to a master. Beach, Receivers, Sec. 747; Cowdry v. Railroad, 1 Woods, 331.

That general rule is shown by the cases referred to in Huling v. Farwell, 33 Ill. App. 258. Notice to parties interested to attend before the master must be given. Acme Copying Co. v. McLure, 41 Ill. App. 397; Strong v. Allen, 44 Ill. 428.

The point decided in the case last cited, that a court of review may review a master's report without exceptions first filed below, perhaps deserves further consideration.

It is objected by the appellee that the appellant was not

a party below. It is true that in the prayer for process his name was not included, but it was in the charging part of the bill and summons was sued out against him. His objections to the receiver's report were on file, and his standing in court recognized by the appellee by serving his solicitor with notice, the day before the order appealed from, was made. Ten days before that, the resignation of the appellee, as receiver, had been accepted, and the receivership of a receiver appointed in a case pending in the same court wherein the appellant was complainant against the same principal defendant, was extended to this cause.

We regard the appellant as having such a standing as entitled him to appeal from the order of January 16, 1894, and it is reversed and the cause remanded, that the just compensation to the appellee may be ascertained by further proceedings not inconsistent with this opinion. Reversed and remanded.