## The American Trust & Savings Bank, as Receiver, v. Charles E. Frankenthal et al.

1. RECEIVERS—*Presenting Accounts—Practice.*—When a receiver presents his accounts to the court, if they are not assented to by the parties in interest, they should be referred to a master in chancery.

2. SAME—*Entitled to the Protection of the Court.*—A receiver is the officer of the court, and as such, entitled in the execution of its orders to its protection. Whoever interferes with his possession disturbs the possession of the court. The courts have at their command for the enforcement of their orders, the sheriff, who has not only his regular deputies and bailiffs, but may summon to his assistance all the able-bodied men in the county.

3. SAME—*No Power to Employ Detectives.*—For a receiver to employ, or a court to sanction the engagement of the servants of a private detective agency to protect his possession by physical force, is in effect to confess that such a state of disorder and confusion exists that the agencies provided by law for its administration are no longer sufficient.

4. COURTS—*Duty to Protect its Officers.*—It is the duty of courts to protect officers in the discharge of their duties, as well as to see that property in their custody is neither carried away in open defiance or furtively taken by fraud.

American Trust & Savings Bank v. Frankenthal.

5. SAME—*Speak in the Name and Power of the People.*—In the discharge of its duty, a court speaks in the name and power of the people, and its officers have no occasion for asking a private detective agency to enforce respect for, and obedience to the mandate of the law.

6. EQUITY—*Practice in Matters Not Regulated by Statute.*—If equity powers are conferred upon courts of law, the mode of proceeding, where not regulated by statute, should be in accordance with the rules which experience has shown to be expedient.

**Memorandum.**—Assumpsit and attachment proceedings with appointment of a receiver. In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Error to reverse an order fixing the compensation of the American Trust and Savings Bank, as receiver, appointed in the suit of Albert M. Myres v. Charles E. Frankenthal and others, formerly doing business in Chicago, under the name of Frankenthal, Freudenthal & Co. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

BRIEF FOR PLAINTIFF IN ERROR, MORAN, KRAUS & MAYER, ATTORNEYS.

When it becomes the duty of a court of equity to take property under its own charge, through a receiver, the property becomes chargeable with the necessary expense incurred in taking care of and saving it, including the allowance to the receiver for his services. Beckworth v. Carroll, 56 Ala. 12, cited in Beach on Receivers, Sec. 771; High on Receivers, Sec. 296; 2 Dan. Chy., 1753.

Beach on Receivers, Sec. 771, after referring to and indorsing the doctrine of Jaffray v. Raab (Iowa), 33 N. W. Rep., says:

" Inasmuch as the receiver is an officer of the court, and as such, takes possession of the property, the right to which is involved in dispute, and holds it by order of the court, for the benefit of the party who shall ultimately be found to be entitled to it, his compensation can not be made to depend on the result of the litigation, but he is entitled to have his fees paid out of the funds in his hands, no matter to which of the parties to the action possession is finally adjudged."

If the property remains in the hands of the receiver, his expenses in taking care of it are a charge upon it regardless

of ownership.    Hopfensack v. Hopfensack, 61 How. Pr. (N. Y.) 498.

It is a general rule that the compensation of a receiver is taxable, not to the parties, but is taken from the fund in controversy between the parties.    Ralford v. Folsom, 55 Iowa 276.

BRIEF FOR DEFENDANT IN ERROR EMANUEL FRANKENTHAL; HAMLINE, SCOTT & LORD, ATTORNEYS.

It was concluded that the receiver was not entitled to any compensation from Emanuel Frankenthal.   "The possession of the property by the receiver was from the beginning a violation of their rights, and every step which has been taken, and every act which has been done, by the receiver with reference to the property, has been done against their protest, and has tended to defeat their rights; and we know of no principle upon which they ought now to be compelled to pay or to contribute in the smallest degree to the payment of the costs incurred in this attempt to deprive them of their property."   Howe et al. v. Jones (Ia.), 23 N. W. Rep. 377.

Also citing Weston v. Watts, 45 Hun (N. Y.) 219; Pittsfield Nat. Bank v. Bayne et al., 35 N. E. Rep. 630; O'Mahoney v. Belmont, 37 N. Y. Sup. Ct. 223; Moyers v. Coiner, 22 Fla. 422; People ex rel. v. Jones, 33 Mich. 303; Howe et al. v. Jones et al., 23 N. W. Rep. 376; City of St. Louis v. St. Louis Gas Light Company, 11 Mo. App. 237.

High on Receivers, Section 796, says: "While the receiver's compensation is usually paid out of the fund placed in his hands, a different course may be adopted when the order appointing the receiver is revoked, and when he is directed to return the property to the person entitled thereto. The court is governed in such case by the consideration of the injustice of allowing a receiver his compensation in all cases from the fund in his hands regardless of the legality of his appointment; since, if such rule were to be rigorously applied, innocent persons might frequently sustain great loss."

American Trust & Savings Bank v. Frankenthal.

The right of the court when the appointment has been vacated, to assess the costs of the receiver on the party who caused the appointment, is declared in Howe v. Jones et al., 23 N. W. Rep. 376; Moyers v. Coiner, 22 Fla. 422; People ex rel. v. Jones, 33 Mich. 203; City of St. Louis v. St. Louis Gas Light Company, 11 Mo. App. 237; and French v. Gifford, 31 Ia. 428.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case is here upon the same record as Albert M. Myres against these defendants in error.  (See last preceding case.)

The plaintiff in error is the receiver mentioned in that case.   The error complained of, is that the court did not direct the allowance to the receiver to be paid, in whole or in part, by Emanuel Frankenthal, or out of the property. But there is this difference, at least, in the cases :   There, the plaintiff in error did not question the rightfulness of the appointment of, nor the propriety of the allowance to, the receiver.   Here Emanuel Frankenthal, the defendant in error, principally and practically, probably alone, interested, denies both.

We find it quite unnecessary to inquire how far a receiver could be affected by the considerations upon which the other case is decided.   The receiver came in and asked the allowance, bringing, as it is alleged, vouchers for expenditures, and proof of services.   It should have presented its accounts, and then if not assented to, they should have been referred to a master.   See Hayden v. Chicago Title and Trust Co., 55 Ill. App. 241, and the authorities there cited.

The reasons why there should be such a reference are stated in the cases referred to in Huling v. Farwell, 33 Ill. App. 238, and other cases cited in them.   If an allowance had been made to the plaintiff in error without such reference, it would have been error *per se*.   But it does not follow because a decree granting relief would have been erroneous on account of the mode of proceeding, that one denying relief is.

If equity powers are conferred upon courts of law, the modes of proceeding, where not regulated by statute, should be in accordance with rules which experience has shown to be expedient. Pardridge v. Ryan, 35 Ill. App. 230. The judgment is affirmed.

SEPARATE OPINION BY MR. PRESIDING JUSTICE WATERMAN.

The receiver in this case took possession of the property committed to his care October 25, 1893, and surrendered the same November 8, 1893. He reports that he expended during these fifteen days in and about the preservation of the property, the sum of $1,027.76. Of this amount $705 was for the services of Pinkerton men, of whom the smallest number employed at any time was five, and the largest, fifteen; his expense for Pinkerton men having been $47 per day. The property thus protected was in a large building known as 240 and 242 East Monroe street, Chicago.

A receiver is the officer of the court, and, as such, entitled in the execution of its orders to its protection. Whoever interferes with the possession of a receiver, disturbs the possession of the court. The courts have at their command for the enforcement of their orders, the sheriff, who has not only his regular deputies and bailiffs, but may summon to his assistance all the able-bodied men in the county.

For a receiver to employ, or a court to sanction, the engagement of the servants of a private detective agency to protect his possession by physical force, is in effect to confess that such a state of disorder and confusion exists that the agencies provided by law for its administration, are no longer sufficient.

It does not appear, and we have no reason for believing, that the sheriff of this county was unable in this case to afford protection to the court and its officers in the discharge of their duties.

Under such circumstances there is no justification for an expenditure of $47 per day to prevent a violent seizure and carrying away of property in the custody of the court and almost within shadow of the court house.

The record in this case discloses an altogether too current an impression that the rights of parties in and to personal property in litigation are to be determined, not in the orderly course of the administration of justice, but by the private employment of large numbers of men who are expected to, by violence, wrest from others the custody of property in dispute.

It is not merely the right, it is the duty of courts to protect their officers in the discharge of their duties, as well as to see to it that property in its custody is neither carried away in open defiance or furtively taken by fraud. In the discharge of this duty it speaks and acts in the name and power of the people; and its officers have no occasion for asking the force of a private detective agency to enforce respect for, and obedience to, the mandate of the law.