Burch v. West.

---

CHARLES S. BURCH, RECEIVER, ETC.,

v.

JAMES J. WEST ET AL.

*Insolvency—Judgments by Confession—Fraudulent Preferences—Assignment—Corporations—Officers—Acts of Receivers—Authority of.*

1.  A receiver is clothed with such rights of action as might have been

maintained by the person over whose estate he has been appointed, and to whose rights for purposes of litigation he has succeeded.

2. Upon a bill filed by the receiver of an insolvent corporation attacking certain judgments confessed by it previous to his appointment, this court declines to interfere with a decree in behalf of the judgment creditors.

[Opinion filed July 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

Mr. M. P. BRADY, for appellant.

Messrs. F. J. SMITH & HELMER, WEIGLEY, BULKLEY & GRAY, HOLDEN & FARSON and J. A. SLEEPER, for appellees.

GARNETT, P. J. On October 27, 1887, in the Superior Court of Cook County, judgments by confession were entered for various amounts in favor of James J. West and the Union Trust Company, respectively, against the J. L. Reagan Printing Company, a corporation organized in December, 1886, under the laws of this State. The next day two judgments by confession were entered in the same court in favor of Carlton Prouty against the same defendant. Execution in each case was immediately issued and levied by the sheriff on all the personal property of the company.

On the same day the first judgments were entered, West received an assignment to himself of all the accounts of the corporation, to secure indebtedness due from it to himself and others. On November 7, 1887, in a suit in equity in the Circuit Court of Cook County, brought by Luther D. Pollard and others, creditors of said corporation, in behalf of themselves and all other creditors thereof, against the corporation, said judgment creditors and others, a decree was entered dissolving the corporation and appointing John E. Wright receiver of the assets thereof, with authority to sue in all courts in the name of the company, but not in any wise interfering with said judgments, executions or levies. On the 10th day of November, 1887, appellant was duly appointed receiver in the place of Wright.

The next day appellant filed his bill in this case, attacking all said judgments.   On the final hearing, the court found and decreed that the liens of the several judgment creditors, and of J. W. Butler Paper Company, an attachment creditor, were superior to the claim of the receiver.

The bill contains no allegation that the confession of judgment and assignment of accounts were in pursuance of a design to secure preferences in fraud of the chapter of the statutes concerning voluntary assignments, nor that any assignment for the benefit of creditors was made by the corporation.   "Proofs without allegations are just as unavailable as allegations without proofs," (Bremer v. Canal and Dock Co., 123 Ill. 110,) so that we pass this branch of appellant's argument concerning the alleged voluntary assignment and fraudulant preferences without comment, merely remarking that the opinion of the Supreme Court of the United States in White v. Cobshausen (not yet reported) deals with no question of pleading.

Appellant insists the judgments, executions and levies should be set aside, because the judgments were rendered on warrants of attorney executed by officers of the company without authority.   The receiver is clothed with such rights of action as might have been maintained by the person over whose estate he has been appointed, and to whose rights, for purposes of litigation, he has succeeded.   High on Receivers, Sec. 201; Beach on Receivers, 699; Bouton v. Dement, 123 Ill. 142; Receivers v. Paterson Gas L. Co., 23 N. J. Law, 283; Moise v. Chapman, 24 Ga. 249.

The question, therefore, is, could the printing company maintain a bill on the same facts as to want of authority in its officers and secure a vacation of the judgments and proceedings thereunder?   We think it clear that relief in such a case would not be granted on the prayer of the company. The debts upon which the judgments were rendered were based on valuable and adequate considerations, and the judgment creditors are not chargeable with any fraud in the transaction.

" The weight of reason and common law authority is, that

a court of equity will not enjoin a judgment at law, where there has been no service, unless it is alleged and proved that if relief be granted a different result will be obtained than that already adjudged by the void judgment." Colson v. Leitch, 110 Ill. 508; Martin v. Judd, 60 Ill. 78.

The counsel for appellant is in error in supposing that affirmative relief was granted to the judgment and attachment creditors on their answers. The decree took nothing from appellant. It only found and adjudged that the liens of said creditors were valid and the court having taken the property out of the hands of the sheriff and placed it in the hands of the receiver by the decree, the situation of the parties was simply restored as it was when the suit was commenced. This is not within the rule prohibiting affirmative relief on answer. The decree is affirmed.

*Decree affirmed.*