JOSEPH HANKE

v.

LOUIS BLATTNER, RECEIVER, ETC.

*Sales—By Receiver—Defendant Estopped from Denying Official Capacity when—Pleading—Sales—Representations as to Quantity—Right of Receiver to Sue without Leave of Court.*

1. A person who deals with a receiver, in his official capacity, and makes purchases at a sale by him in such capacity and receives and retains certain goods, is estopped from denying that such person was a receiver duly appointed and qualified.

2. Where the purchaser at such sale fails to comply with the terms thereof, the receiver can not properly report the same to the court, and his failure to so report, can not be urged by the purchaser in defense to an action for the purchase money.

3. Where a receiver's sale is upon the published terms of part cash and the balance upon secured note due in six months, the failure of a purchaser to give the note is a breach of the contract and authorizes immediate suit.

4. A receiver appointed under Sec. 25, Chap. 32, Starr & C. Ill. Stats., is empowered to bring suit in such case without special leave of court.

5. Upon the case presented, this court holds that the fact that the quantity of articles sold did not correspond, upon actual count, with the estimate made at the time of the sale, does not entitle the purchaser to any redress.

[Opinion filed February 4, 1890.]

IN ERROR to the Circuit Court of Clinton County; the Hon. AMOS WATTS, Judge, presiding.

Mr. M. P. MURRAY, for plaintiff in error.

Messrs. VAN HOOREBEKE & FORD, for appellee.

REEVES, P. J.   The declaration in the case avers that at the November term, 1887, of the Clinton Circuit Court, the plaintiff was appointed receiver of the Trenton Tile Manufacturing Company, and as such receiver was ordered by the court to sell the property and assets of said manufacturing company for twenty-five per cent of the purchase money cash, and the balance to be paid in six months, the purchaser to secure the deferred payment by giving a note with good security, such sale to be advertised in the Trenton Gazette at least four weeks before sale; that plaintiff advertised such sale as required by the decree, and, as such receiver, on the 14th day of January, 1888, sold the property and assets of said manufacturing company at the time and place mentioned in said advertisement, to defendant for $3,601, he being the highest and best bidder at such sale; that defendant paid plaintiff $900.25 cash, being twenty-five per cent of his bid, but then and there failed and refused to give his note with security to plaintiff for the residue of his bid.   "By means whereof the defendant then and there became liable to pay the sum of $2,700.75, and being so liable, he, the defendant, in consideration thereof, afterward, to wit, on the day and year last aforesaid, promised plaintiff to pay him the said sum of money specified, according to the tenor, conditions and effect of said sale."   The common count, for goods sold and delivered, and the other common counts were added.   A trial was had before the court, without a jury, and a judgment rendered against defendant for $2,700.75, to reverse which this writ of error is prosecuted.

The first reason urged for reversal is that the record does not show the appointment and qualification of the plaintiff

below, as receiver of the manufacturing company. We think a sufficient answer to this is found in the fact, which is fully shown by the bill of exceptions, that plaintiff in error dealt with defendant in error as such receiver, bid at his sale as such receiver, paid him money as such receiver, received possession of the property sold from him as such receiver, by which he is estopped from questioning the fact that he was receiver duly appointed and qualified. If plaintiff in error desired to contest the authority of defendant to act as such receiver, he should have offered to return the property which Blattner, acting as such receiver, had sold and delivered to him, and demanded the money he had paid Blattner on the sale; but instead of doing this, he retained the possession of the property and sold a considerable portion of it. We think he is clearly estopped now from questioning Blattner's receivership.

Again it is contended that it is not shown that the sale was reported to, and confirmed by the court. The sale could not properly be reported to the court until the terms of the sale were complied with, and plaintiff in error refused to comply with these terms.

It is urged that the special count is fatally defective in not averring that the goods sold were delivered to plaintiff in error; even if this be conceded, we discover no reason why the recovery may not be sustained upon the common count for goods sold and delivered. The sale was made as to terms, that twenty-five per cent of the purchase money should be paid in cash, and note, with good security, given for the residue, due in six months, and when plaintiff in error did, at the sale, receive the property sold, and made the cash payment, he impliedly undertook to give the note, as required by the terms of sale, for the deferred payment. His failure and refusal to give his note in pursuance of this implied undertaking, was such a breach of the implied contract as warranted the defendant in error in bringing this suit for such breach, and justified a recovery for the amount for which the note should have been given; and if, in fixing the measure of damages, there should have been a rebate for the interest thereon for the unexpired time, this was remedied after judgment. While the judgment

Hanke v. Blattner.

was for the full amount for which the note should have been given, a remittitur of $40.15 was filed by the defendant in error in the Circuit Court, which cures this alleged error·

It is further contended that the receiver could not sue without an order by the court appointing him, authorizing him to bring suit. This receiver was appointed under section 25 of chapter 32, Starr & Curtis' statutes, which provides that the receiver so appointed "shall have authority by the name of the receiver of such corporation to sue in all courts," etc.

The defense interposed upon the merits can not be sustained under the evidence. It is clearly shown that the property was sold as a whole, including engine, machinery, sheds, tile and tile kiln, brick and brick kiln, brick machine, tile machine, and all of the other property of the company, each having been first offered separately. It is true that the receiver had made an estimate of the amount of tile and brick and it was stated in reference to the tile, at the time of the sale, that there was *about* a certain number, but there is no pretense that there was any offer to sell by the thousand or any such bid made; but all the property was sold in bulk and there was a *bona fide* bid only one dollar less than the bid of plaintiff in error.

On the 1st of May following the sale in January, plaintiff in error had the tile counted, and this count showed a much less number than was stated at the sale as about the number of tile. If a certain number of brick and tile had been sold, and there had in fact been a much less number, then there might be some sort of foundation for a rebate on account of the deficiency; but under the facts shown by the testimony in the case, there is none. The plaintiff in error might so have made his bid as to protect himself against any deficiency in the number of the tile and brick. He did not do so. Had his bid been other than unconditional, the receiver doubtless would have rejected it and accepted the unconditional bid of $3,600.

The judgment of the Circuit Court is affirmed for the amount remaining after deducting the remittitur.

*Judgment affirmed.*