## WILLIAM E. ATWATER ET AL.

### v.

## THE AMERICAN EXCHANGE NATIONAL BANK ET AL.

*Insolvency—Corporation—Preferences—Directors— Fraud—Allowance for Fees and Services.*

1.  The directors of an insolvent corporation can not, by a judgment note or otherwise, procure the company to do anything which shall give them a preference, nor can they act as agents for, or in the interest of any creditor in securing for him such preference.

2.  As soon as a corporation becomes insolvent its directors become trustees for all the creditors, and their fiduciary relation will not allow them to aid a director to obtain an advantage over another creditor. Nor will it suffice that a director was ignorant of the condition of the company when by the use of proper diligence he could have become informed.

3.  Where nothing appears to impeach the justice of a judgment, entered in a suit upon a note, it will not be set aside by a court of equity because it may appear that the officers of the corporation by which the note was made, were not authorized to make it.

4.  The evidence upon which decrees in chancery are based must appear upon the record, or the facts must appear in the decree.

5.  The first lien upon an insolvent estate, covering all the assets, being set aside as fraudulent as to all the creditors, this court holds that all judgment and simple contract creditors are entitled to share *pro rata* therein.

[Opinion filed May 5, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. CRATTY BROS. & ASHCRAFT, and MARSTON, AUGUR & TUTTLE, for appellants.

Messrs. SWIFT, CAMPBELL & JONES, for appellee, Am. Ex. Nat. Bank.

WATERMAN, J.   On the 26th day of November, 1887, judgment by confession was entered in the Superior Court against

Klemm & Company, an Illinois corporation, in favor of W. E. Atwater, for $9,462.52.

On the 28th of November, 1887, judgment against Klemm & Company was entered in the same court in favor of the American Exchange National Bank for $3,500. Thereafter judgments by confession against Klemm & Company were entered in favor of Harrington & Goodman and Victor D. Gowan.

November 30, 1887, a bill was filed by Rodman and W. P. Ellison against Klemm & Company, the judgment creditors and others, alleging that they, complainants, were creditors of Klemm & Company, attacking said judgment and praying for the appointment of a receiver for Klemm & Company. The American Exchange Bank answered the bill and also filed a cross-bill setting up the obtaining of its judgment, attacking the judgment in favor of Atwater, and praying for the appointment of a receiver for Klemm & Company.

Klemm & Company answered the original bill, admitting the giving of the judgment note to Atwater, alleging that it was given in good faith, and denying that it ever authorized the giving of a judgment note to the American Exchange Bank or ever confessed judgment in its favor. December 9, 1887, a receiver for the assets of Klemm & Company was appointed. Harrington & Goodman and Gowan afterward filed cross-bills. Executions had been issued upon each judgment as soon as the same had been entered, which were at once placed in the hands of the sheriff, who at once levied upon the stock of goods of Klemm & Company, and was in possession when the receiver was appointed.

Upon the hearing it appeared that the judgment in favor of Atwater was upon a note for the benefit of Atwater, Stewart, Spaulding and George D. Whittle, their respective interests in the note being unequal. Spaulding and Whittle were directors of the corporation when this note was given, and it was then clearly insolvent. Spaulding and Whittle acted for themselves and Atwater in procuring the judgment note upon which the Atwater judgment is based.

The directors of an insolvent corporation can not, by a judgment note or otherwise, procure the company to do any-

thing which shall give them a preference. Nor can they act as agents for, or in the interest of any creditor in securing for him such preference.   Beach v. Miler, 130 Ill. 162.

As soon as a corporation becomes insolvent, its directors become trustees for all the creditors and their fiduciary relation will not allow them to aid a director to obtain an advantage over another creditor.   Beach v. Miller, *supra;* Ogden v. Murray, 39 N. Y. 202; Richards v. New Hampshire Ins. Co., 43 N. H. 263; Stout et al. v Yaeger Milling Co., 13 Fed. Rep. 802; Jeffery v. Butler Paper Co., 37 Ill. App. 96. Nor will it suffice that a director was ignorant of the condition of the company when, by the use of proper diligence, he could have become informed.   Corbett v. Woodard, 5 Sawyer, 403; Jones, McDowell & Co. v. Arkansas Mechanical & Agricultural Co., 38 Ark. 17.   The preference attempted to be obtained by Atwater, Spaulding and Whittle, by the Atwater judgment, can not, therefore, succeed.

The judgment in favor of the American Exchange National Bank is attacked upon the claim that the judgment note upon which it was entered was signed without the authority of the directors of the corporation.

This court and the Supreme Court have recently held that where nothing appears to impeach the justice of a judgment, it will not be set aside by a court of equity because it may appear that the officers of the corporation by which the note was made, were not authorized to make it.   Burch v. West, 33 Ill. App. 359; Same v. Same, 25 N. E. Rep. 658.

The judgment in favor of Atwater being an attempt by directors to obtain a preference for themselves, and for a creditor for whom they acted, set aside, and the validity of the judgment in favor of the bank maintained, what are the rights of all the creditors?   Has the bank a priority over those whose judgments are subsequent to its own or over simple contract creditors?   If the assets to be distributed were more in amount than the Atwater judgment, it might be that as to such excess the bank would have a priority; but the Atwater judgment, unless set aside, would exhaust all the assets; they are insufficient to pay it alone.   It therefore

appears that the bank, at law, took nothing by its levy. It is only by the interposition and decree of a court of equity setting aside the Atwater judgment, that anything remains for the bank; but the Atwater judgment is not set aside as a fraud against the bank alone; it is because it is fraudulent as to all the creditors that its lien is removed; it is therefore all the creditors who are entitled to share in the fund, but for which removal, would have no existence. The fund now to be distributed is entirely the creation of a court of equity; it is something no part of which could the bank have obtained without invoking the powers of the chancellor.

"Equality is equity." It is just and equitable that all the creditors of Klemm & Company, including the owners of the Atwater judgment, and the bank, share *pro rata* in this fund.

After having himself received the sum of $150 and paid his counsel $75 for services, the receiver asked that he be allowed the further sum of $500 and to his counsel $300. This, together with an account by him then filed, being objected to, was referred to a master. This order of reference was afterward set aside, and the court, without hearing any evidence, ordered the receiver to pay to Curtis H. Remy $195.40, and retain $500 in addition for his services as receiver.

That the evidence upon which decrees in chancery are based must appear upon the record, or the facts must be found in the decree, is a familiar rule. Panton v. Collar, 12 Ill. App. 160; Stinnett v. Wilson, 19 Ill. App. 38; Becker v. Becker, 15 Ill. App. 247; Heffron v. Gore, 40 Ill. App. 257; Spring v. Collector, 78 Ill. 101; Marvin v. Collins, 98 Ill. 510.

We do not discuss the question whether the original bill could have been maintained, as the after proceedings made that immaterial. Cross-bills were filed, under which a receiver might have been appointed and the relief asked for granted. No one has gained or lost anything because of the appointment of the receiver. He has merely gathered and preserved the fund; the court might have enjoined the sheriff from selling and let the property remain in his hands until the final

decree. The appointment of the receiver seems to have been thought to be, and doubtless was, for the interest of all the parties.

There being no evidence to sustain the order of August 7, 1890, allowing compensation to the receiver and for payment to his attorney, it must be set aside. The proper practice in respect to accounts presented by receivers, and the allowance of compensation to them, is indicated in Heffron v. Gore, *supra.*

The order of the court below made August 7, 1890, allowing compensation to the receiver and $195.40 to Curtis H.. Remy, is reversed, with directions that all parties be permitted to present evidence touching the petitions for such allowance, and thereupon the court make such order as shall be warranted by the evidence and to the court shall seem proper, and the final decree of the court below is set aside and the cause remanded with directions that the court take an account of the claims of all creditors of Klemm & Company and divide the fund in its hands for distribution ratably among such creditors.

*Reversed and remanded with directions.*