## Peterson v. Brabrook Tailoring Co.

1. PREFERENCES—*By Directors of an Incorporated Company.*—The directors of an insolvent corporation can not, by a judgment note or otherwise, procure the company to do anything which shall give a preference. Nor can they act as agents for or in the interest of any creditor in securing for him such preference.

2. CORPORATIONS—*Insolvency—Relation of Directors to Creditors.*— Where a corporation becomes insolvent, its directors become trustees for all the creditors, and their fiduciary relation will not allow them to aid a creditor to obtain an advantage over other creditors.

3. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS—*What is not.*— Where a corporation, being insolvent, gave to some of its creditors judgment notes upon which judgments were entered, executions issued and levied, *it was held,* that this action did not amount to a voluntary assignment under the statute relating to voluntary assignments by insolvent debtors.

**Memorandum.**—Bill for a receiver by a stockholder of an insolvent corporation. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT's BRIEF, JAMES A. PETERSON, ATTORNEY.

When a debtor has formed a determination to voluntarily dispose of his whole estate, it is immaterial into how many parts the performance is broken, the law will regard all his acts having such object as one transaction. Preston v. Spaulding, 120 Ill. 208; White v. Cotzhausen, 129 U. S. 329.

An assignment is a transfer without compulsion by a debtor to an assignee in trust to apply the same to the payment of his debts and returning the surplus, if any, to the assignor. Farwell v. Nilsson, 24 N. E. Rep. 74; Farwell v. Cohen, 28 N. E. Rep. 35.

Where an insolvent debtor, quitting business, determines to yield dominion of his entire estate to a few creditors and transfer substantially all his property to a few creditors by way of preferences, such acts will be declared to constitute a

voluntary assignment, and such preferences will be set aside as against the statute. White v. Cotzhausen, 129 U. S. 329.

APPELLEES' BRIEF, TENNEY, CHURCH & COFFEEN, ATTORNEYS.

A mere individual stockholder has no right of action in himself as against the appellees, and no right to obtrude himself into the management of the corporate affairs, except under circumstances having no existence in this case. Cook on Stockholders, Sec. 646; Allen v. Curtis, 26 Conn. 456; Greaves v. Gouge, 69 N. Y. 154; Hawes v. Oakland, 104 U. S. 450; People v. Ames & Weigley, Natl. Corp. Rep., Vol. 7, 167.

PARKER & HIGGINS, attorneys for appellees and intervening petitioners.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant, as a stockholder in, and a creditor of, the Brabrook Tailoring Company, filed a bill asking to have certain judgments by confession, against it, set aside; a receiver of its assets appointed, and the corporation dissolved; to this the Tailoring Co., its officers and directors, the parties who obtained the judgments, and the sheriff who had made levies based thereon, were made parties defendant.

The defendants appeared and answered, and certain other creditors of the company filed intervening petitions. Much testimony was taken; the court, finally, upon the hearing, dismissed the bill.

It is urged that this court reconsider the opinion given in Gottlieb v. Miller, 5 Nat. Corp. Rep. 527, General Number 4641, Illinois appeals, to the effect that an insolvent corporation may give a preference to a creditor. We see no sufficient reason for departing from the conclusion there reached, and we also adhere to the opinion adopted in Atwater v. The American Exchange Nat. Bank, 40 Ill. App. 501, that "the directors of an insolvent corporation can not by a judgment note or otherwise, procure the company to do anything which shall give them a preference. Nor can

they act as agents for, or in the interest of, any creditor in securing for him such preference.

"As soon as a corporation becomes insolvent, its directors become trustees for all the creditors, and their fiduciary relation will not allow them to assist a creditor to obtain an advantage over other creditors."

The creditors who obtained preferences from the Brabrook Tailoring Company were in no instance officers, directors or agents of that corporation; nor did any officer, director or agent of said company act for the creditors in obtaining such preference; on the contrary they acted for themselves, and there is no evidence, save mere inference, sought to be drawn, that any of the officers or agents of the company intended to give these creditors a preference; the intention of the company's officers was in consideration of a loan of $5,000, made to the company to give to the creditors judgment notes; which notes, once obtained, the holders thereof immediately put into judgments, without consultation with or aid from any director or officer of the company.

So far from the entry of judgment being what was intended by any of the officers or directors of the company, they all testify that the loan was obtained and the notes given to enable the company to continue its business and to relieve it from a temporary embarrassment, and that the entry of judgments was a surprise to them. That, seeing the wreck that followed the entry of these judgments, some of the officers of the company may have drawn from it funds in payment of obligations due from it to them or otherwise, can not affect the rights of the judgment creditors, who are not shown to have had anything to do with such withdrawal of funds.

In Brabrook Tailoring Co. v. Belding Bros. & Co., 40 Ill. App. 326, we held that the bill filed in that case did not present sufficient ground for the appointment of a receiver or the dissolution of the corporation. Much that is there said is applicable to the present case.

It is urged that the conduct and condition of the corpo-

ration amounted to a voluntary assignment. We do not regard the action of the corporation, as amounting to a voluntary assignment. First Nat. Bank v. Howell, 41 Ill. App. 383.

If the conduct of the Tailoring Company is to be construed, as appellants insist it should be, it is not one of the functions of the Circuit Court to, by construction, create a voluntary general assignment under the statute of this State relating to voluntary assignments by insolvent debtors.

It may be that the creditors of the Tailoring Co. can, under proper proceedings, maintain a claim against the stockholders of the company for money withdrawn when the company was insolvent; such claim is not here urged, and could not, under what is shown in the record of this cause, be here sustained. The conclusion arrived at in this case, renders it unnecessary to pass upon the motion to dismiss the appeal.

We find no error in the decree of the Circuit Court and it is affirmed.