80  458
s184s625

## Francis B. Peabody, Receiver, etc., v. New England Water Works Company et al., Consolidated with Francis B. Peabody, Receiver, etc., v. United Water Works Company.

1. RECEIVERS—*Power to Prosecute Actions.*—In general, a receiver, before he can sue, must show that authority has been conferred upon him, as receiver, to prosecute the action, by the court appointing him, and, failing to show this, he can not maintain it.

2. SAME—*Are the Creation of the Court.*—A receiver is the creation of a court of equity, and has such powers as are conferred upon him by the order appointing him and the practice of the court.

3. SAME—*Powers Under the Statute.*—The ordinary chancery receiver has power to sue, as a general rule, only when authorized by the court appointing him, and the statute gives him the right to sue only when he is commanded by the court. He has no right to appear in a suit at law without the authority of the court appointing him.

**Motion to Vacate Judgment.**—Heard in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Motion denied; appeal by the movers. Heard in this court at the October term, 1898. Appeal dismissed. Mr. Justice SEARS dissenting. Opinion filed March 16, 1899.

RUNNELLS & BURRY, attorneys for appellant.

OTIS H. WALDO, attorney for the New England and United Water Works Company; WILSON, MOORE & McILVAINE, attorneys for the American Water Works Company.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

These cases were, by stipulation, submitted for hearing upon the same abstracts and briefs in each case, the ques-

tion for decision being the same in each case, viz.: Whether the appellant receiver had any such standing in the Circuit Court that his motion to set aside the judgments in favor of the respective appellees should have been entertained by that court. If he had no rights in that court to be heard, as against these appellees, he has no such right in this court.

Appellant was, May 1, 1895, appointed receiver of the American Water Works Company of Illinois, in a proceeding under section 25 of the corporation act, to wind it up, begun in the Circuit Court.

April 10, 1897, each of the appellees began suits in assumpsit in the same court, on the law side, against the corporation. It, on the same day, entered its appearance, waived a jury, and practically consented to judgments in favor of the appellees, in favor of the New England Works Company of $242,795.50, and in favor of the United Water Works Company of $6,188.62.

April 17, 1897, and during the same term, the receiver, appellant here, entered a motion in each of the law cases, to vacate the judgment, for leave to plead and to make defense on behalf of the corporation in his name, as receiver, or otherwise, which was denied. On the hearing of these motions, the receiver presented affidavits tending to show, and for the purpose of this decision it may be conceded, did show, a good defense to each of the suits, in part, at least, that the judgments were unjust as against the insolvent corporation, and that they were entered by collusion between the appellees and the officers of the defendant corporation.

It is unnecessary, in the view we take of this case, to consider the details relating to this showing or the showing made by the counter affidavits, which were admitted by the court against the objection of appellant, or whether it was proper for the court to allow the counter affidavits. Section 25 of the corporation act, in so far as material here, provides, viz.: "And courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor, who shall have authority, by the name of the receiver of such corpo-

ration (giving the name), to sue in all courts and do all things necessary to closing up its affairs as commanded by the decree of such court."

The order appointing the receiver, after authorizing and directing him to take possession of the property, assets, books of account, etc., of the corporation, to file an inventory and to manage and control the property under the orders of the court, orders that he have, in the management and control of said property, the usual powers of receivers in like cases, and proceeds, viz.:

"It is further ordered, adjudged and decreed that any and all officers, agents, attorneys, servants and employes of said defendant, and any and all parties having in their possession or under their control any of the property or assets of said defendants, immediately surrender all such property and assets to the receiver hereinbefore named, and that they and each and all of them refrain from in any manner intermeddling with said property or withholding possession thereof from such receiver; and they and each of them are hereby enjoined from any and all attempts to withhold or conceal any of said property from said receiver, and from contracting any liabilities in the name or on behalf of said defendant, Illinois corporation, or of using its name for any purpose or in any proceedings; and all parties having any claims against said defendant Illinois corporation are hereby directed to present the same in this proceeding for adjudication."

It contains no authority to sue or defend suits, nor to do anything except as above stated.

It is contended that appellant is a statutory receiver, and by virtue of his appointment, had the right, under section twenty-five of the corporation act, to defend suits in the name of the corporation, and that the order appointing the receiver forbade all persons from using the corporate name and consenting to judgments against it, and that the court should have set aside the judgments in vindication of its injunction, and that appellant has made a good showing upon the merits why the judgments should be set aside.

In general, a receiver, before he may sue, must "show that by the appointment of the court, properly made, in a matter within its jurisdiction, authority has been con-

ferred upon him, in his representative capacity as receiver, to prosecute the action; and failing to show this, he can not maintain an action." High on Receivers, Secs. 201 and 208; Beach on Receivers, Sec. 650; Coope v. Bowles, 28 How. Pr. 11; Davis v. Ladoga Creamery Co., 128 Ind. 222, and cases cited; Republic Life Ins. Co. v. Swigert, 135 Ill. 150, 176.

We are aware this court (Burch v. West, 33 Ill. App. 360) entertained an appeal by a receiver from a decree adverse to him in a bill filed by him attacking certain judgments rendered before his appointment, against the insolvent corporation of which he was receiver, but his right as receiver to file the bill and take the appeal does not seem to have been questioned. Relief was denied him for the reason that the insolvent company could have been granted no relief against the judgments, which was affirmed on appeal to the Supreme Court. (134 Ill. 267.) Also, that in Hanke v. Blattner, 34 Ill. App. 394, 4th District, it was held that by virtue of said section 25 a receiver might sue without an order by the court appointing him authorizing him to bring suit. Also, that in some jurisdictions, it has been held that the receiver is the representative of the creditors, as well as the corporation, and may sue and defend in the name of the corporation, without express authority of the court. Gluck & Becker on Receivers, 175–8; Rust v. Amer. Water Works Co., 70 Fed. Rep. 129; Bosworth v. Terminal R. Ass'n, 80 Id. 971.

In most, if not all of these cases, last cited, outside the Federal courts, it will be found that the right of the receiver to sue depends upon some special statute.

In the Swigart case, *supra*, the court say: "A receiver is the right hand and creature of the court of equity, and has such powers as are conferred upon him by the order appointing him, and the course and practice of the court;" but held that a receiver appointed under the statute authorizing the State Auditor to wind up the business of insolvent insurance companies, and which gave to such receivers the "power to prosecute and defend suits in the name of the corporation, or in their own names, to appoint agents under

them, and do all other acts necessary for the collection, marshaling and distributing of the assets of the company and the closing up of its concerns," had no right, by suit in his name, to impeach a transaction which the corporation could not challenge, in that case, to sue shareholders to collect their subscriptions to capital stock of the company, which the company had, by contract, put it out of its power to collect, and generally, that the receiver had no power not given him by the statute nor by the order of the court.

Section 25 gives the receiver appointed under that section authority to sue only in the name of the receiver of such corporation, "as commanded by the decree of such court."

As we have seen, the ordinary chancery receiver has power to sue, as a general rule, only by authority of the court appointing him, and this statute only gives him the right to sue when he is commanded by the court. We hold that he had no right to appear, in the suits at law, without the authority of the court appointing him, which is not shown by this record, and therefore no right to prosecute the appeals in this court. It would be a precedent calculated to encourage litigation at the expense of insolvent estates for the benefit of receivers and their attorneys, who might be inclined to profit by such litigation, to hold that a receiver, without the authority of the statute or the order of the court appointing him, might of his own will defend suits brought against the corporation. He should be and is at all times the servant of the court, and should look to it for his authority, unless the legislature, in its wisdom, sees fit to vest him with greater power, which we think has not been done by said section 25. It can make no difference in this case, that the receiver was appointed and the judgments entered by the Circuit Court. There are many branches of the Circuit Court in Cook county. There is nothing to show in this record that the same judge appointed the receiver, entered the judgments and refused appellant's motions. Even if that did appear, we may infer (if it were not stated by appellant's counsel in their brief), that the judge deemed it wise to deny the receiver the

right he claims because he had no standing to represent the corporation, and also that he thought it best to leave such litigation to the creditors of the defunct corporation, who have an undoubted right, in their own behalf and at their own expense, to attack fraudulent judgments. Each of the appeals is dismissed.

Mr. Justice Sears, dissenting.

If the judgments obtained against the corporation are conceded to have been for amounts not due to the pretended creditors, and the corporation was itself restrained by the order of the court appointing the receiver, from defending in those suits, then it would seem clear that the receiver would have the right, and it would be his duty to interpose any defense which the corporation might have made but for the injunction. Burch v. West, 33 Ill. App. 359, approved in 134 Ill. 258.

And the receiver might appear and move the court to vacate the judgments, as has been held an assignee might. Knights v. Martin, 155 Ill. 486.

Nor do I concur in the construction of section 25 of the corporation act, which would make it essential that the receiver first be "commanded by the decree" of the court appointing him before he could appear and interpose such motion.

If the words "as commanded by the decree of such court" be related to the bringing of suits, then a mere order granting permission to sue would be insufficient, and a direction or command by decree of the court would be made necessary by the statute, which would thus operate to restrict such powers of the receiver, as he would have in case of a general chancery receivership. If the words relate to the decree of the court "closing up its affairs," the operation of the statute would seem more reasonable. The latter interpretation has been heretofore put upon this provision by this court. Hanke v. Blattner, 34 Ill. App. 394.