## Rebecca McKeag v. John C. Pirie, Receiver.

### Gen. No. 13,189.

1. FORCIBLE DETAINER—*by whom complaint in, may be signed.* A complaint in forcible detainer may be signed by the receiver of the owner, especially where the lease sought to be terminated was itself executed by the receiver.

2. RECEIVER—*right of, to maintain action of forcible detainer.* A receiver of a homestead loan association has power to institute and maintain an action of forcible detainer without specific authorization by the appointing court.

Action commenced before justice of the peace. Appeal from the County Court of Cook county; the Hon. J. D. WELSH, Judge, presid-

McKeag v. Pirie.

ing.    Heard in the Branch Appellate Court at the October term, 1906.    Affirmed.    Opinion filed June 14, 1907.

WILLIAM SCHWEMM, for appellant.

CHARLES L. MAHONY, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment in a forcible entry and detainer suit, adjudging appellee entitled to the possession of premises in controversy.    Judgment was first entered by a justice of the peace.    Appellant appealed to the County Court and from the judgment of that court brings the case here.

Her attorney states his contentions to be that the complaint should have been signed in the name of the corporation for which appellee is receiver by which, it is said, the lease was executed, that there is no testimony showing the receiver's appointment and authority to prosecute this action, and that appellee failed to show defendant to be in possession of the premises, and so cannot recover.    The record shows no evidence whatever introduced in behalf of appellant, and it is not pretended she has any meritorious defense.

As to the first of said contentions it appears from appellant's abstract that the lease was executed by appellee as receiver of the Curran Mutual Aid & Building Association.    No ground of objection to the receiver's signing the complaint as such receiver is even stated.    As to the second contention that there is no evidence tending to show appellee's appointment as receiver for the Curran Mutual Aid & Building Association, the lease itself signed by appellant and by appellee as such receiver may be deemed sufficient *prima facie* evidence of such appointment as against appellant who recognized his authority as such receiver by signing and accepting the lease of the prem-

ises in question from him in that capacity. The right of the receiver to maintain the action is, we think, conferred by the statute (R. S. chap. 32, sec. 127), which provides that courts of equity shall have full power to appoint receivers for associations of the character of that here in question "who shall have authority by the name of the receiver of such association (giving the name) to sue in all courts," etc. This provision is framed substantially in the language of section 25 of the Corporation Act. In Peabody v. New England Water Works Co., 80 Ill. App. 458-460, that section is held not to authorize a receiver to sue or defend suits unless he shows express authority to prosecute the action. The holding in this regard is by a divided court and contrary to Hanke v. Blattner, 34 Ill. App. 394, in which it was held that by virtue of section 25 of the Corporation Act a receiver might sue without an order of court authorizing him to bring suit. We are of opinion that section 127 under consideration in this case authorizes the receiver to sue and make it unnecessary for him to prove affirmatively that he has been expressly "commanded by the decree of court" to bring the action in the individual case. Those words apply, we think, not to the authority to sue, but to closing up the affairs of the association or making "the money charged against it" and restoring it to the shareholders.

There is sufficient evidence tending to show *prima facie* that appellant is in possession of the premises and that "several hundred dollars" is due for rent.

The judgment of the County Court will be affirmed.

*Affirmed.*